XluRRiN, Chief Justice.
 

 The question is, whether the western half of the town lots, No. S3, and 34 passed by the deed of Mrs.
 
 Proctor
 
 to the wife of the defendant.
 

 I think it cannot be doubted, that if
 
 Samuel Proctor,
 
 the father, had been the owner of the premises, the whole-
 
 *373
 
 would have passed under his will. It is plain lie did not speak of the lot as a subdivision of the land forming the town ; for he gives
 
 the
 
 house
 
 and
 
 lot. What lot ? Not No. S3, nor No. 34 ; for even within an indictment for burglary, the eastern half of both of those lots, forming the curtilage, would be part and parcel of the dwelling house, which is expressly devised. The plan of the town being thus put out of the way, as the means of identifying the estate devised, “
 
 the house and lot in Elizabeth City,”
 
 must mean all the ground contiguous to the houses which were used and occupied with the tenement, as parcel of it. For the testator disposes of it, as one entire thing ; and this was all he claimed in the town.
 

 No positive rule can be laid down for ascertaining the intention of the maker of a deed or other instrument. But his intention is to be collected from the whole instrument taken ■together.
 

 Where the description in a deed is by several particulars, and,
 
 *374
 
 aiBlinct ^ are found answer-^^Q^jiether the deed ho inf“Uj’0 all things,answer-pass by it,
 

 
 *373
 
 Upon the construction of the deed, I have as little doubt. It is a general rule, that if the description
 
 be so
 
 vague or contradictory, that it cannot be told what thing in particular is meant; the deed is void. But it is also a general rule, that the deed shall be supported, if possible ; and if by any means different descriptions can be reconciled, they shall be, or if they be irreconcilable, yet if one of them sufficiently point out the thing, so as to render it certain that it was the one intended, a false or mistaken reference to another particular shall not overrule that which is already rendered certain.
 

 Attempts have been made to establish artificial rules for discovering the intention ; and the offices of terms of general and particular description defined. The truth is, no positive rule can be laid down ; for as each subject differs in some respects from another, and eacii writer will be more or less precise or perspicuous in expressing himself, the whole instrument is tobe looked at, and the enquiry then made, can it be found out, from this, what the party means. In some cases, it is clear that only that thing is meant in which all the particulars of the description concur. In others, the
 
 description
 
 may be by several particulars, and distinct things are found, of which one answers to the one description, and another to the other. It wmuld seem in such case that the conveyance would be inoperative, because it was intended to pass one only, and it cannot be determined, which one; though
 
 *374
 
 there is most respectable authority, that both should pass, rather than neither.
 
 (Worthington
 
 v
 
 Hylyer
 
 ; 4.
 
 Mass. Rep.
 
 196.) But there seems to be no danger of mistaking the intention of the parties, when a thing is given by a particular name, by which it is well known, or by any other description which completely identifies it, although another particular be added, which does not apply, it is true, to the thing as before described, but is equally inapplicable to any thing else. In such case the effect of the true description ought not to be weakened by a further and unnecessary description which is false. As if one give his house in A, which formerly belonged to B, and have but one house in A, it shall pass, though it never belonged to B, for but the one could be meant. Or, as mentioned in
 
 Riddick
 
 v
 
 Leggat,
 
 (3
 
 Murph.
 
 543,) if one grant
 
 White-acre
 
 (by name,) which descended from his father,
 
 White-acre
 
 shall pass, though it descended from the mother ; because it was sufficiently identified before.
 

 Quantity
 
 is not Ifmay be so — as if one of'haif°i!nte’acre, the other of an his^acrclot^the
 
 *375
 
 larger lot will pass, though a ras thanTnaero.
 

 
 *374
 
 In the case before us the description is,
 
 one lot of land in Elizabeth City, containing one acre more or less, which descended to said E. B. Proctor from her father F. B. S.
 
 The donor had no other land in the town but these two town lots. Of the whole as one tenement, this description and every part of it is true, and it is not true of any part, taking the parts separately. In respect of either end, the eastern or western, it is not
 
 one
 
 lot, for, divided from north to south, each end would be constituted of part of both town lots. So with respect to quantity; whether the division be from north to south, according to the conveyance to
 
 Sawyer,
 
 or from east to west, according to the
 
 pi
 
 an of the town, each lot would not contain an acre, but half an acre. Now it is true that quantity is not generally descriptive, yet it may be so. If one own two lots in a town; one of half an acre, and the other of an acre; and grant his “acre lot” or his “lot containing one acre,” it is not void, but will pass the larger lot, although it may upon admeasurement be a few feet over or under one acre; for the purpose is not to denote how much, but which parcel was meant—
 
 *375
 
 much more, if one Iiavc two lots, contiguous, each con-tabling half an acre, ant! enclosed and occupied together, an(] g!*ant
 
 one
 
 lot now in his occupation, shall the.whole
 
 pass.
 
 For
 
 lot
 
 is then used as
 
 piece,
 
 or
 
 parcel,
 
 or
 
 tract
 
 of land. Here, it has that sense. The gift is not of a lot of the town, but a
 
 lot of land
 
 in the town, that is, a cer-^11 picc0 then containing one acre, which descended from the donor’s father.
 

 But it is further identified by the reference in the deed to the husband’s will. The donor declares, that the purpose of making the deed is to comply with the will. The land did not pass by it, not because the description there given was insufficient, but because the testator had not the title. The sole object was to
 
 supply
 
 that defect.-— The land then intended to pass by the deed, was
 
 the
 
 lot devised in the will, and the deed must be construed as if the words
 
 “
 
 which my husband gave to said
 
 Anne E. Froclor
 
 by will” had been inserted in the descriptive clause.
 

 But the deed adds
 
 “which was purchased by the said F. B. S. from John Bartic, reference to the deed will shew the
 
 boundaries.” On this it is admitted by the plaintiff, that the eastern half of the two lots will pass; but it is denied, that the other half does. Now if they form an essential part of the description, so that the estate cannot be ascertained without them, they cannot be rejected, and then the deed is void
 
 in
 
 toto. For as a description, this is not true of any part of the land; since
 
 Sawyer
 
 did not purchase from
 
 Bartie,
 
 nor take any deed from him. Butin fact this Is not an essntial part of the description. The thing can be known without having this property. It is only a
 
 further
 
 description, of what had before been fully and sufficiently identified, and does not render that uncertain, nor the deed unintelligible.
 

 The judgment is therefore affirmed.
 

 Per Curiam. — Judgment arrirmed.