Pearson, C. J.
 

 His Honor erred in rejecting the evidence tending to show that the Enfield tract of land embraced the land in controversy ; see
 
 Institution for the Deaf, &c.,
 
 v.
 
 Norwood,
 
 Bus. Eq., 65.
 

 For this reason, in considering the other question, it is to be assumed that the land in controversy was considered and treated by the testator, in his life time, as a part of the Enfield tract of land.
 

 We have then this case: The testator devises a part of
 
 *3
 
 the Enfield tract of land to his daughter, Mrs. Bradford, by these words: “ also my plantation between Burnt coat and Beaverdam swamp.” He then devises to his daughter, Mrs. Hunter, “all that portion of my Enfield tract of land lying north of the old road from Old Enfield to Halifax town.” (We must bear in mind, that the land devised to Mrs. Bradford also lies north of this old road, and in the view which we are now taking, is embraced by this general description.) The testator then gives “all the balance of my property, after paying debts,” to the lessors of the plaintiff. Finally, he cancels the devise to Mrs. Bradford.
 

 The question is: Hoes this act of cancellation have the effect of throwing the plantation which had been devised to Mrs. Bradford into the devise to Mrs. Hunter, or of letting it fall into the residuary clause ?
 

 We are of the opinion that it falls into the residue. The devise to Mrs. Bradford shows that, by the devise to Mijs. Hunter, under the general description “all that portion of my Enfield tract of land lying north of the old road,” he did not include the part lying north of the Burnt coat swamp. The act of cancelling the devise to Mrs. Bradford is satisfied, by giving to it the effect of defeating the devise in respect to her ; and we can see no good ground for giving to it the additional effect of enlarging the sense of the words of general description, used in the devise to Mrs'. Hunter. If this be so, it follows that the land which he intended at first to give Mrs. Bradford, and which is excepted out of the devise to Mrs. Hunter, is, by the cancellation of the devise to the former, left undisposed of, except by the residuary clause. The question may be stated thus: The testator gave to Mrs. Hunter his Enfield tract of land, except the part lying north of the Burnt coat swamp. That part he afterwards gave to Mrs. Bradford. He then cancelled the devise to Mrs. Bradford, but did not cancel the
 
 exception in the devise to Mrs. Hunter.
 
 There being nothing then to
 
 *4
 
 show an intention to alter the latter, the words must retain the sense in which he used them at first, unless we give to the act of cancellation the effect of not only defeating the devise to Mrs. Bradford, but also of adding to the devise to Mrs. Hunter, in the absence of anything to show this second or superadded intention.
 

 If he had intended to enlarge the devise to Mrs. Hunter, by adding to it a plantation of 500 acres of land, he would have taken the trouble to alter -his will by saying so, and his being content with the simple act of cancellation shows that his purpose was merely to revoke the devise to Mrs. Bradford — and the legal effect of his doing so is to throw the land into the residue.
 

 There is no error.
 

 Per Curiam. Judgment affirmed.