## PEEBLES v. GRAHAM.

(Filed May 7, 1901.)

1 BOUNDARIES — *Location* — *Question for Jury* — *Questions for Court—Devises—Ejectment.*

   The Court should instruct the jury what are boundaries, and the jury should find and locate them.

2. BOUNDARIES—*Description—Legacies and Devises—Wills—Ejectment.*

   A devise of certain tracts of land east of a road passes no part of such tracts west of such road.

ACTION by R. B. Peebles, trustee of R. B. Peebles and A. R. Peebles, against John W. Graham, trustee of Geo. M. Graham, heard by Judge *Fred. Moore* and a jury, at March Term, 1900, of the Superior Court of DURHAM County. From a judgment for the plaintiff, the defendant appealed.

*Winston & Fuller, Shepherd & Shepherd,* and *R. B. Peebles,* for the plaintiff.

*Manning & Foushee,* and *Graham & Graham,* for the defendants.

### DEFENDANT'S APPEAL.

FURCHES, C. J.  This is an action of ejectment to recover possession of a triangular piece of land lying on the west side of the Raleigh and Roxboro road.  Both parties claim under the will of Paul C. Cameron; the plaintiff under item 11,

which is as follows: "I also give, devise and bequeath to R. B. Peebles, as trustee aforesaid, all the lands included under the name of the Arnold, the Geer and the Jones lands— all east of the Raleigh and Roxboro road and south of Neuse River, in Durham County, and the title papers all with my sister Margaret's papers in the Citizens Bank at Raleigh"; and the defendant under item 9, which is as follows: "I also give and devise to John W. Graham as trustee aforesaid, for his son George M. Graham, all the lands known and called as the 'Leathers,' 'Briggs,' 'Reavis' and 'Southerland,' on the south side of Eno, and on the Raleigh and Roxboro and Hills-

boro and Fish Dam roads, and all now in Durham County, and all title deeds registered in Orange and containing between 1,500 and 1,700 acres—to George and his heirs an inheritance in fee simple when he comes of age."

The plaintiff claims the land in dispute as a part of the "Arnold" land, and the defendant claims it as a part of the "Briggs" land.

Upon the trial it appeared that the Geer land, the Jones land and the greater part of the Arnold land were on the east side of the Raleigh and Roxboro road. But there was evidence tending to show that the triangular piece claimed by the plaintiff was a part of the Arnold tract; and the Court submitted this question to the jury and instructed them that if they found from the evidence that the 64 acres in dispute was a part of the "Arnold" tract, to find for the plaintiff. The first issue was as follows: "Are the plaintiffs the owners and entitled to the possession of the lands claimed by them as described in the complaint, or any part thereof, and if so, what part?" And the jury answered this issue, "Yes; 64½ acres triangle west of the R. and R., as shown on the plat." In this submission and instruction there was error.

In matters of location it is the duty of the Court to instruct the jury what are the boundaries, and it is the duty of the jury to find and locate them. There being no dispute as to the Raleigh and Roxboro road, and it being admitted that the 64½ acres claimed by the plaintiff were on the west side of the road, and it being admitted that plaintiff had no claim to this 64½ acres except under the 11th section of Paul C. Cameron's will, quoted above, it became a question of law for the Court.

If the description had closed with "all the lands included under the name of the 'Arnold,' the 'Geer' and the 'Jones' lands," and there being a dispute as to whether the 64½ acres were a part of the "Arnold" land, it would have been proper

for the Court to submit that question to the jury. But the description did not stop here; it added, "all east of the Raleigh and Roxboro road." This qualification must mean something. It would not have been added if it did not. The description without this qualifying clause would undoubtedly had given the plaintiff all the "Arnold" land, including the 64½ acres—as the jury have found that to be a part of the Arnold land. So it could not have been added to enlarge the gift, nor to explain the devise; for if it was the intention of the testator to give the whole of the "Arnold" land to the plaintiff, he had done so without the additional qualifying words—"all on the east side of the Raleigh and Roxboro road." As this language, according to all rules of interpretation, the only meaning it can have is to restrict the gift to the east side of the road. *Carter v. White,* 101 N. C., 30; *Branch v. Hunter,* 61 N. C., 3.

We think the testator intended to give the plaintiff the Geer land, the Jones land, and all the Arnold land east of the Raleigh and Roxboro road.

Putting this construction upon the devise to plaintiff, he had no title to the 64½ acres on the west side of the Raleigh and Roxboro road, and being the plaintiff he could not recover, whether the defendant was the owner of the 64½ acres or not.

The view we have taken of this case, it seems to us, is sustained by *Midgett v. Twyford,* 120 N. C., 4, and many other cases, while we do not think it is in conflict with *Cox v. McGowan,* 116 N. C., 131, nor *Procter v. Pool,* 15 N. C., 374, nor any other case cited by the plaintiff.

The plaintiff having failed to show *any title* to the 64½ acres which lies on the west side of the road, there was error in the Court's submitting that question to the jury.

Error.

CLARK, J., did not sit on the hearing of this case.