JONES v. CASUALTY CO.

(Filed December 12, 1905).

*Insurance Policies—Rules of Construction—Provisos—Repugnant Clauses—Blood Poisoning.*

1. Where in the main body of an insurance policy there is a definite stipulation of indemnity in case of disability arising from certain specified diseases, blood poisoning being one expressly named, various provisos entirely withdrawing blood poisoning from the operations of the policy cannot avail to defeat the plaintiff's recovery for the indemnity for disability arising from said disease.

2. In the construction of insurance policies, all doubt or uncertainty as to the meaning of the contract, shall be resolved in favor of the insured.

3. While clauses in a contract apparently repugnant must be reconciled if it can be done by any reasonable construction, yet, a proviso which is utterly repugnant to the body of the contract and irreconcilable with it, will be rejected.

4. A subsequent clause irreconcilable with a former clause and repugnant to the general purpose and intent of the contract, will be set aside.

ACTION on an insurance policy for an indemnity of $5 per week for 26 weeks, tried before *Judge M. H. Justice,* at the July Term, 1905, of the Superior Court of McDOWELL.

A jury trial was waived, and from the findings of fact by the court it appeared that the plaintiff, being the holder of an ordinary health policy in defendant company, on the 29th day of November, 1902, received a small scratch on the hand, that the same began to inflame; blood poisoning developed, and on December 3, 1902, the plaintiff's arm was of necessity amputated; that the plaintiff was rendered incapable of performing any kind of manual labor and continued so disabled for a term of 26 weeks, for which time he sues for the stipulated indemnity; that all the former preliminary requirements have been complied with on the part of the plaintiff, and proof of the plaintiff's disability for 26 weeks duly filed with defendant company. There was judgment for the plaintiff at the contract rate and the defendant excepted and appealed.

*D. E. Hudgins* for the plaintiff.
*J. W. Pless* for the defendant.

HOKE, J., after stating the case: The policy, section 4, contains a definite stipulation for indemnity at $5 per week, not to exceed 26 weeks, in case of disability arising from certain specified diseases, blood poisoning being one expressly named. This disease being evidently the direct and controlling cause of the disability, as a matter of first impression, the right of the plaintiff to recover would seem to be clear. The policy, however, having given this assurance of indemnity, then takes up the matter of provisos by way of restriction and stipulates further: 1. That this policy shall not apply to any

illness or disease whatever except those named. 2. That it shall not apply to any disease which is complicated with, or results from any disease not herein named, etc. 3. Nor to any disease or illness which results from injury, etc. 4. Nor in effect to any disease which develops or results from those diseases that are named, etc.

There are many other limitations and restrictions in the policy, for as my *Lord Coke* would say, the "etc." meaneth much; but those set out are enough to show that if these provisos can prevail, blood poisoning is entirely withdrawn from the operation of the policy, and any and all stipulation for indemnity concerning it effectually removed. So far as we are informed, blood poisoning is not considered as one of the primary or idiopathic diseases. It is a toxic condition of the blood caused either from or through a surface wound or some internal lesion, or from the breaking down of tissue incident to an existent or precedent disease, and thereby producing suppuration. As to this disease, therefore, these provisos remove every possible condition where the disease can occur, and, if upheld, would, as stated, entirely set aside the definite contract for indemnity contained in a former clause of the policy. Such a result cannot be permitted and is not sustained by authority. It is established doctrine in construing these policies that doubts shall be resolved in favor of the insured. As stated in Vance on Insurance, p. 592: "Probably the most important general rule guiding the courts in the construction of insurance policies is that all doubt or uncertainty, as to the meaning of the contract, shall be resolved in favor of the insured." And speaking of certain kinds of special insurance, this author further says: "This rule, it is well settled, applies in full force to those contracts of special insurance which, unfortunately for both insurers and insured, are often filled with numerous conditions, the legal significance and economic purpose of which are alike uncertain." In *Kendrick v. Insurance Co.,* 124 N. C., 315, it is held:

"The uniform rule of construction of insurance policies is that, if reasonably susceptible of two constructions, that one shall be adopted which is most favorable to the insured."

Another principle applicable to the case before us, and equally well established, is that while clauses in a contract apparently repugnant must be reconciled if it can be done by any reasonable construction, yet, a proviso which is utterly repugnant to the body of the contract and irreconcilable with it, will be rejected; likewise, a subsequent clause irreconcilable with a former clause and repugnant to the general purpose and intent of the contract, will be set aside. *Hawkins v. Lumber Co.,* at this term; Bishop on Contracts, secs. 386 and 387; Devlin on Deeds, sec. 838; Beach on Modern Law of Contracts, sec. 718.

Our conclusion is that, as to blood poisoning, the various restrictive provisos are entirely repugnant to the definite stipulation of indemnity contained in the main body of the contract, and are contrary to the general intent and purpose of the policy, and cannot avail to defeat the plaintiff's recovery.

Judgment Affirmed.