C. S. MODLIN v. ROANOKE RAILROAD AND NAVIGATION COMPANY.

(Filed 16 October, 1907).

1. **Deeds and Conveyances—Timber, Standing—Description, Specific, General—Construction.**

When a deed conveying standing timber contains a general description, followed by a specific one, the latter will control the former only to the extent required to reconcile the two, and in subordination to the principle that all clauses of the deed should be given effect as far as they can be harmonized by a fair and reasonable interpretation.

2. **Same.**

When the general description in a deed of standing timber conveys "all the pine, oak, ash, cypress and poplar of specified dimensions within the boundaries of the entire Harmon-Modlin forty-two-acre tract," specifically excepting "as to that portion lying on the south of Cooper Swamp," whereon only the pine, poplar and cypress were passed, the specific description relates only to the locality named, and controls the general description to that extent only.

3. **Deeds and Conveyances—Description—Fraud—Options.**

When it is properly established by the verdict of the jury, in an action to set aside a deed of standing timber, that fraud or deceit

was practiced upon plaintiff, an ignorant man, unable to read or write, induced by false and fraudulent representations of defendant as to its contents, making plaintiff believe that it was in accordance with an option thereof theretofore obtained from him, but was, in fact, a conveyance to defendant of a much larger amount of timber, the evidence of fraud and deceit is sufficient, and the judgment will not be disturbed.

4. Same—Remedies.

One who has been induced to convey his property by fraud or deceit has an election of remedies, either to bring an action to set aside the conveyance, unless the property has passed into ownership of a purchaser for value without notice, or, allowing the conveyance to stand, he may sue to recover damages for the pecuniary injury inflicted upon him by the fraud. Retaining the purchase price is not, in the latter case, a ratification of the deed.

5. Same—Evidence, Extrinsic.

When the deed, which is alleged to have been fraudulently obtained as not being in accordance with an option theretofore given, stands alone as embodying the contract of conveyance between the parties, without referring to the option, the last-named paper is competent evidence in proper instances upon the question of fraud, and to show whether the deed complied with the option, but is incompetent in aid of the description in the deed.

6. Same—Knowledge, False Representations as to.

When the agent of defendant, charged with the duty of obtaining a deed from plaintiff in accordance with an option theretofore obtained, positively asserted that he knew the contents of the option, and that the deed was in conformity therewith, and when he does not know whether his assertion is true or false, he is as culpable, in case another is thereby misled or injured, as if he made an assertion knowing it to be untrue.

7. Same—Timber, Standing—Removal.

When it is established that the defendant obtained from the plaintiff a deed of timber by fraud or deceit, and conveyed the timber to a third person, the cause of action is not dependent upon the question of the removal of the timber in an action for damages.

8. Same—Registration—Limitation of Actions—Discovery of Fraud.

In an action for damages for obtaining by fraud or deceit a deed from plaintiff conveying a larger amount of timber than was intended to be conveyed, the statute of limitations applicable is Revisal, sec. 395, subsec. 9, and begins to run only when the

injured party first discovered the facts, or could have discovered them by the exercise of proper effort and reasonable care. Registration of the deed is not in itself sufficient notice of such facts.

CONNOR, J., dissenting.

CIVIL ACTION to recover damages for fraud and deceit, tried before *Biggs, J.,* and a jury, at March Term, 1907, of the Superior Court of MARTIN County.

There was evidence tending to show that, on 15 November, 1899, plaintiff contracted to sell to defendant company that portion of the pine, cypress and poplar timber on a tract of land belonging to plaintiff and known as the Harmon-Modlin land, which was situated on the south side of Cooper Swamp, "as far back as the muck and mire" comes, for the sum of $60; that plaintiff was an ignorant man, being unable to read or write, and that, on 18 November following, the defendant company, by false and fraudulent representations as to its contents, and making plaintiff believe that it was in compliance with the contract, induced plaintiff to execute a deed conveying to defendant company a much larger amount of the timber on the said tract than was included in the terms of the contract; that defendant afterwards sold the timber to the Dennis-Simmons Lumber Company, and conveyed same to that company by deed, in the exact terms of the said deed to defendant, and, by reason of the fraud and deceit so practiced on plaintiff, he was damaged to the amount of $1,000.

The action to recover damages for said wrong was commenced on 3 April, 1906, and the fraud practiced on plaintiff by defendant and the sale to the Dennis-Simmons Lumber Company were not discovered until December, 1905. The deed to defendant company was registered 9 January, 1900, and that to the Dennis-Simmons Company was registered 24 February, 1902, and no timber has yet been cut by either company. Defendant company denied the fraud, claimed that the deed, in effect, only conveyed the lumber embraced under the terms of the contract, and that no injury

had been wrought to plaintiff, and pleaded the statute of limitations. The jury rendered a verdict as follows:

"1. Did defendant procure the execution of the deed of date 18 November, 1899, by false and fraudulent representation, as alleged in the complaint?" Ans. "Yes."

"2. What damage, if any, has the plaintiff sustained in respect to the highland timber?" Ans. "Two hundred and fifty dollars, with interest from 18 November, 1899."

"3. What damages, if any, has the plaintiff sustained in respect to the swamp and ravine timber?" Ans. "Forty dollars, with interest from 18 November, 1899."

"4. Is the plaintiff's cause of action barred by the statute of limitations?" Ans. "No."

There was judgment for plaintiff, and defendant excepted and appealed.

*Winston & Everett* and *B. A. Critcher* for plaintiff.
*A. O. Gaylord* for defendant.

HOKE, J., after stating the case: The verdict, when considered in connection with the allegations and the admissions and testimony, establishes the proposition that, under a contract to convey the pine, poplar and cypress timber on the tract which was situated on the south side of Cooper Swamp, as far as the muck and mire comes, the plaintiff has been induced by fraud and deceit to convey to defendant company the timber described in the deed, as follows: "All the pine, oak, ash, cypress and poplar timber, of and above the size of twelve inches in diameter on the stump when cut, in and upon the following described tracts of land, situated in Jamesville Township, in the aforesaid county of Martin, adjoining the lands of S. L. Wallace, H. M. Modlin and others, and known as the Harmon-Modlin tract, containing forty-two acres, more or less, all the pine, poplar and cypress timber on said land on the southern side of Cooper Swamp and in said swamp and ravines." And the damage fixed at $290.

Defendant objected to the validity of this recovery, for the reason, chiefly, that by correct interpretation the deed only conveys to the defendant the timber specified in the contract, and on the principle that the latter part of the description, "all the pine, poplar and cypress timber on said land, on the southern side of Cooper Swamp," being more specific, will control the former and more general description, "all the pine, oak, ash, cypress and poplar timber on said tract," and so restrict the timber conveyed to that which was actually embraced within the terms of the contract, citing *Peebles v. Graham,* 128 N. C., 220. The principle contended for by the defendant is well recognized, but we do not think its correct application to the terms of the deed will sustain the position of defendant. Conceding that the latter part of the description is more specific, it would only control the former to the extent required to reconcile the two, and in subordination to the principle that all the clauses of the deed should be given effect as far as they can be harmonized by fair and reasonable interpretation. *Jones v. Casualty Co.,* 140 N. C., 265. To apply, therefore, both of these rules of construction, we think it clear that in the instrument now before us the former and more general clause conveyed to the grantee all the pine, oak, ash, cypress and poplar, of the dimensions specified, within the boundaries of the entire Harmon-Modlin 42-acre tract, except as to that portion of said timber lying on the south side of Cooper Swamp, and as to that, only the pine, poplar and cypress timber was passed, allowing the latter and more specific description to limit the kind of timber conveyed on the portion of the tract south of the swamp, leaving out the oak and ash. This being the true significance of the deed, the plaintiff has been wrongfully deprived of all of his timber in excess of that described in the original contract, which was only the "pine, cypress and poplar within that portion of the tract on the south side of Cooper Swamp, as far as the muck and mire ran." It is right, therefore, on the issue as to defend-

ant's responsibility, that the verdict be sustained, for it is well established that one who has been induced to convey his property by fraud and deceit has an election of remedies, and may either bring an action to set aside the conveyance, unless the property has passed into ownership of a purchaser for value and without notice (*Summers v. Manufacturing Co.,* 143 N. C., 102), or he may allow the conveyance to stand, and sue to recover damages for the pecuniary injury inflicted upon him by the fraud. *May v. Loomis,* 140 N. C., 350. And it is further held that retaining the purchase price is not such a ratification of the contract as prevents the injured party from maintaining his action for damages to recover for the injury over and above the amount already received under the contract. Cyc., Vol. XX, p. 91; *Andrews v. Jackson,* 168 Mass., 266; *Shimabarger v. Shelton et al.,* 41 Mo. App., 147. As said in Cyc., *supra,* "As indicated above, a return, or an offer to return, what plaintiff has received under the contract, induced by the fraud, is not a condition precedent to his maintaining an action for deceit, since he is entitled to the benefit of his contract, plus the damage caused by the fraud," and the general principles sustaining plaintiff's right to recover are well stated in the cases of *Sprinkle v. Wellborn,* 140 N. C., 163; *Griffin v. Lumber Co.,* 140 N. C., 514.

An effort is made to support the interpretation of the deed insisted on by defendant by construing the deed and option together, using the option in aid of the description contained in the deed. It is familiar learning, however, that user of the option for such purpose is not permissible. The deed now stands alone as embodying the contract between the parties. It makes no reference to the option for description, or for any other purpose, and, while this last paper is competent evidence on the question of fraud, and to show whether or not the deed complies with the option, the authorities are clear that the paper is not relevant in aid of the description in the deed, and any attempt to use it for such purpose would, there-

fore, be improper.  *Farthing v. Rochelle,* 131 N. C., 563.
Again, it is contended that a great wrong has been done de-
fendant in this trial, and a verdict has been rendered fixing
it with a gross fraud, without any sufficient evidence to sup-
port it; but we find nothing either in the record or the testi-
mony to justify this position.    It appears that plaintiff gave
an option at the price of $60 to sell to the defendant company
the pine, cypress and poplar timber in the swamp and ravine,
"as far as the muck and mire comes," on a tract of land con-
sisting of about seven acres of the land known as the Harmon-
Modlin tract, on the eastern side of the Washington and
Jamesville Road and the southern side of Cooper Swamp, and
agreed that the company should have five years in which to
cut and remove the same.    By the representation of the de-
fendant's agent plaintiff was induced to sign and deliver a
deed conveying to the defendant all the pine, oak, ash, cypress
and poplar timber upon the entire tract of land known as the
Harmon-Modlin tract, containing forty-two acres, more or
less, all the pine, poplar and cypress timber on such land on
the southern side of Cooper Swamp and in said swamp and
ravines, being the land conveyed to said Modlin, as per record
in Martin County, by deed dated 18 February, 1898, giving
ten years in which to remove it.    Speaking of the transaction
by which this result was effected, the plaintiff testified as
follows: "The highland part of the Harmon-Modlin tract is
covered with pine, oak and poplar timber.    It is good timber.
There is pine, ash, poplar and cypress timber in the swamp.
None of the timber has ever been cut.    Mr. Arthur Hardison
came to my house to buy my timber for the company.    I gave
him an option on the swamp timber as far up as the muck and
mire goes.    I did not sell him any of the highland timber.
He was to cut timber down to twelve inches in diameter at the
stump in the swamp and ravines.    I signed the option—my
wife and I.    Hardison gave it to Mr. Jordan.    I have seen
it since.    Mr. Jordan read it to me, at his home in Beaufort

County, some weeks before the suit was brought. In 1905 was the last time I saw the option, just before I brought this suit. It was a thirty-day option. Mr. Jordan came with a deed at the end of the thirty days. Mr. Jordan said the deed was exactly like the option—that it was written, word for word, like the option. I asked him to read the deed over to me. He said: 'It is no use reading the deed; it is exactly like the option, and is all right.' I cannot read, and Mr. Jordan knew that I could not read or write. I sold the timber for five years in the option, and Mr. Jordan said the deed was exactly like the option in every respect. On this statement, and relying on it, I signed the deed—my wife and I signed it—and Mr. Jordan took private examination and paid me $59 in check on the company. One dollar had been paid by Hardison when the option was taken. It is admitted that the defendant paid $60. Mr. Jordan acted for the defendant."

Thus it will be seen that plaintiff, as we interpret the deed, who had given an option at the price of $60 to convey the pine, cypress and poplar timber on seven acres of the Judson Harmon land, lying south of the Cooper Swamp, and "as far as the muck and mire runs," has, by the false representations of the defendant's agent, been induced to convey all the pine, cypress, poplar, oak and ash on the entire tract, except that part lying south of Cooper Swamp, and all the pine, cypress and poplar south of Cooper Swamp, without limiting this amount by the restriction "as far as the muck and mire runs," the timber so conveyed amounting in value to $350, being $290, the amount of damage found by the verdict, plus $60, amount paid under the contract. On the moral aspects of the question there is here, in our opinion, ample evidence to establish willful misrepresentation on the part of defendant's agent, and to justify the verdict as rendered. If it be suggested that there is no evidence that the agent, Jordan, was aware of the contents of the option, the answer is, that he

145—15

positively asserted that he knew the contents, and that the deed was in exact compliance with the same; and it is well established that one who intentionally and positively asserts a fact to be true of his own knowledge, when he does not know whether it be true or false, is as culpable, in case another is thereby misled or injured, as one who makes an assertion which he knows to be untrue.

It is further urged, in objection to this recovery, that no timber has yet been cut, and may never be, but the law must deal with facts, and not with possibilities, which rest only in suggestion; and, unfortunately for the defendant, it has so dealt with this contract that its mental attitude toward it has ceased to be of importance. It has conveyed the timber bought by it to the Dennis-Simmons Lumber Company by deed containing a description exactly similar to its own. This last company is not a party to this record, and we are not informed of its purpose. Certain it is, however, that, if our interpretation of this deed be correct, it has a right to enter upon the plaintiff's land and cut and appropriate all the timber of the kind and dimensions specified on the entire Judson Harmon tract, to the value of $350, when the plaintiff had only agreed to sell $60 worth of timber on seven acres of the property.

This being true, and the result indicated having been brought about by the fraudulent misrepresentations on the part of defendant's agent, the plaintiff's right to recover on the main issue comes clearly within the principle so well stated in *Griffin v. Lumber Co.,* 140 N. C., 514: "Where the parties made a contract for the sale of certain timber, reserving a well-defined class of trees, and defendant undertook to reduce the contract to writing, in accordance with its terms, but knowingly included the reserved timber, and falsely represented to plaintiff that said timber was reserved in the deed, and, by means of this false representation, procured the execution of the deed, the plaintiff has a cause of action for

MODLIN *v.* RAILROAD.

deceit, and this is not dependent upon the removal of the timber."

Defendant assigns for error, further, that on the issue as to the statute of limitations the Judge below declined to charge, as requested, that the registration of defendant's deed was in itself such a notice of the alleged fraud as would put the statute in motion for the defendant's protection and in bar of plaintiff's claim; but the point has been resolved against the defendant. The statute applicable (Revisal, sec. 395, sub-sec. 9) provides that actions of the present kind are barred in three years after the discovery by the aggrieved party of the facts constituting the fraud, and, construing this subsection, the Court has decided that the statute commenced to run when the aggrieved party first discovered the facts, or could have discovered them by the exercise of proper effort and reasonable care, and that the registration of the deed, or knowledge of its existence, by which the fraud was accomplished was not of itself sufficient notice of such facts. *Peacock v. Barnes,* 142 N. C., 215; *Stubbs v. Motz,* 113 N. C., 458.

There is no error, and the judgment of the lower court is Affirmed.

CONNOR, J., dissenting: I am unable to concur in the conclusion reached by the Court in this case. If nothing more was involved than a small sum of money I would be content to note my dissent and say no more; but, as I interpret the record, a gross moral fraud is by the verdict of the jury fixed upon the defendant—a corporation, it is true, but corporations commit frauds only by their agents and servants. It is impossible to disassociate them. I, of course, accept as true the allegation in the complaint, and every statement made by plaintiff and his witness, in regard to the terms of the option, and the contract upon which it is founded. I also accept as true his testimony in regard to the declarations and conduct of defendant's agent when he presented the deed for plain-

tiff's signature.    I am, however, of the opinion that, instead of speaking a willful, deliberate falsehood in regard to the timber conveyed in the deed, he spoke the exact truth—that the deed, properly construed in the light of the option, conveys no other and no more timber than is included in the option.    I freely concede that, if I am in error in this, and if the agent, who, it seems, did not take the option or draw the deed, knew that it included more and other timber than the option called for, he was guilty of a gross fraud upon the plaintiff.    It is so easy to charge men with fraud, and, unfortunately, we are so prone to take the accusation for the proof, that courts should be cautious to see that conduct capable of more than one construction should not be hastily or upon insufficient evidence branded as fraudulent when it may be consistent with an honest mistake.    The complaint sets out the terms of the option, and in that respect it is fully sustained by the testimony.    The option was for "the pine, cypress and poplar timber in the swamp and ravines, up as far as muck and mire comes, consisting of about seven acres, on the land known as the Harmon-Modlin land, on the eastern side of the Washington and Jamesville Road and the south side of Cooper Swamp."    The charge is that defendant "willfully and wickedly contrived to defraud plaintiff," and "fraudulently and purposely" inserted in the deed other timber, to-wit, "oak and ash," on the swamp and ravine, and "pine, oak, ash, cypress and poplar" on the highland, etc.

Plaintiff introduces Mr. Hardison, who says: "I took an option on the swamp and ravine timber.    *    *    *    The plaintiff had other timber than swamp and ravine.    I did not buy the timber on the highland."    Plaintiff testifies: "I gave him (Mr. Hardison) an option on the swamp timber, as far up as the muck and mire goes.    I did not sell him any highland timber.    He was to cut timber down to twelve inches in diameter at the stump on the swamp and ravine."    The deed contains the following description: "All the pine,

oak, ash, cypress and poplar timber, of and above the size of twelve inches in diameter on the stump when cut, in and upon the following described tracts of land, situated in Jamesville Township, in the aforesaid county of Martin, adjoining the lands of S. L. Wallace, H. M. Modlin and others, and known as the Harmon-Modlin tract, containing forty-two acres, more or less; all the pine, poplar, cypress timber on said land, on the southern side of Cooper Swamp and in said swamp and ravines; being the land conveyed to said Modlin, as per record of Martin County, by deed dated 18 February, 1898." It bears date 18 November, 1899, and is recorded 19 December, 1899. No timber has been cut, and defendant has never claimed, but expressly disclaims, any other timber than that included in the option. Its contention is thus stated in the record: "The defendant contends that the deed to it did not convey any timber except that in the swamp and ravines." Thus the issue is sharply presented. Plaintiff charges that defendant fraudulently included all of his timber in the deed, whereas defendant disclaims ever taking, owning or acquiring the timber on the highland. The controversy, so far as the quantity of timber is concerned, depends upon the construction of the deed. It will be noted that, although the plaintiff alleges that defendant fraudulently inserted in the deed "oak and ash" in "the swamp and ravine," the deed conveys only "pine, poplar and cypress," the exact language of the option. The controversy is, therefore, narrowed to the question whether, reading the deed in the light of the option, any other timber is conveyed than that on the "southern side of Cooper Swamp and in said swamp and ravines." His Honor construed the deed to convey all of the timber on the Harmon-Modlin land, thus giving no effect to the last restrictive words in the description. I take it as settled that courts, in such cases, will, for the purpose of ascertaining the intention of the parties, "endeavor to place themselves in the position of the parties at the time of the

conveyance." *Cox v. McGowan*, 116 N. C., 131. We should read this deed as if the description referred to the option. The question which the Court is to ask in such cases is thus clearly stated by *Judge Walker*, in *Gudger v. White*, 141 N. C., 507: "After all, the simple question is, what does the whole description show was actually intended to be conveyed? When reading the deed and looking at the facts and circumstances as they appear, what impression is left on the mind as to the purpose of the parties?" "When a general description is joined with a particular one, it is a rule of construction that the latter prevails over the former. A general description may be limited, restrained or controlled by a particular description, but, as a rule, a particular description is not limited, restrained or controlled by a general description. The real intent of the parties should, when possible, be gathered from the whole description." Jones on Conv., sec. 410. It is sometimes said that the first description will control a later one. This rule is, however, applied only when the question as to which conveys the intention is so exactly balanced that it is necessary to invoke it "to tip the nodding beam." "But, whether a specific description comes before or after a general description, it must prevail, upon the underlying principle that the law will always demand the production of the highest evidence, and, as between two descriptions, will prefer that which is most certain." *Cox v. McGowan, supra.* In *Carter v. White*, 101 N. C., 30, the grant described the land as "a tract containing sixty-seven and a half acres, lying and being in the county of Currituck, known by the name of Walker's Island, beginning," etc. These words were followed by a specific description, which did not include the whole of Walker's Island. *Smith, C. J.,* said: "While the words recited, unconnected with others, will embrace a water-bound tract as an island, yet, upon every well-settled rule of interpretation, subsequent restrictive words giving and defining its boundaries must have the effect of qualifying the pre-

ceding general designation. The island determines, as does the mention of the county, the locality of the land granted; the particular description, what portion is intended; and thus the general and true intent is reached and an apparent repugnancy avoided and the deed rendered self-consistent." The learned Chief Justice says that the proposition is so manifest that he refrains from citing authority for its support. In *Peebles v. Graham,* 128 N. C., 218, the testator, under whom both parties claimed, gave plaintiff "all the lands included under the name of the Arnold, the Geer and the Jones lands— all east of the Raleigh and Roxboro Road." *Furches, C. J.,* said: "If the description had closed with all the lands included, * * * and the dispute had been whether the 64½ acres were a part of the 'Arnold' land, it would have been proper for the Court to submit that question to the jury. But the description did not stop here; it added 'all east of the Raleigh and Roxboro Road.' This qualification must mean something. It would not have been added if it did not. The description, without this qualifying clause, would undoubtedly have given the plaintiff all the Arnold tract. * * * As (to) this language, according to all rules of interpretation, the only meaning it can have is to restrict the gift to the east side of the road." *Proctor v. Pool,* 15 N. C., 371. In these cases the Court had no facts and circumstances *aliunde* the deed to aid it; whereas we have the option pursuant to which the deed was drawn. The option includes "pine, cypress and poplar timber"; the specific description in the deed is confined to "pine, cypress and poplar timber." The option calls for the timber "in the swamp and ravines"—the exact words of the deed. The option confines the timber sold to the "Harmon-Modlin land on the eastern side of the Washington and Jamesville Road, on the south side of Cooper Swamp." The deed confines the grant to the timber on the "south side of Cooper Swamp." No point is made of the omission to insert the road. But it is said that the words

"up as far as the muck and mire comes" are omitted. No reference is made in the complaint to this omission. The only complaint made of the description as to the land on the "south side of Cooper Swamp, in the swamp and ravines," is that the deed includes "oak and ash," whereas the option includes only "pine, cypress and poplar"; and when the deed is read it appears that "oak and ash" are not in it. I fail, after careful inspection, to find any evidence suggesting that plaintiff was claiming any damage for fraud as to the swamp and ravine timber. His action is for the value of the timber on the highland. It is conceded that no timber has been cut. There is no suggestion that defendant, or its grantee, has ever claimed to own the highland timber; on the contrary, defendant expressly disclaims such ownership. I think that his Honor was in error when he held, as a matter of law, that the deed conveyed all of the timber on the Modlin land. There is not the slightest evidence that Jordan, or any one else, ever made any such claim. While it is conceded that defendant did not request his Honor to submit the question of the intention of the parties to the jury, it did except to his instruction that, as a matter of law, the language of the deed included all of the timber. If the question was for the jury, I think the exception extends to all errors in the charge in that respect. If the description was ambiguous and obscure, it would seem clear that the question as to what was included in the deed, in the light of the "facts and circumstances," should have been submitted to the jury. *Ward v. Gay,* 137 N. C., 397. It is said that defendant conveyed the timber to the Dennis-Simmons Lumber Company by deed, containing the same description as is found in the deed from plaintiff. There is no suggestion that the lumber company has ever claimed that the highland timber passed, although eight years have elapsed since plaintiff's deed was made. I confess to some difficulty in comprehending how a person, either natural or corporate, can be fixed with actual intentional fraud in respect to prop-

MODLIN *v.* RAILROAD.

erty which it does not claim to own, has never asserted any right to, and when, after eight years from the date of the alleged fraud, it is first notified that any such construction is put upon the deed, promptly disclaims title to the property. The defendant is made to buy property, at plaintiff's price, which it does not want, has never purchased or claimed to own, and, for the purpose of compelling the purchase, is fixed with a gross, wicked fraud. It is made to pay interest for eight years. The deed was recorded immediately. It will be further observed that, although the defendant's grantee, by the judgment, is compelled to take the timber, it is given only two years within which to remove it. If it be not removed within that time, the plaintiff receives $290, with interest for eight years, and retains his timber. *Bunch v. Lumber Co.*, 134 N. C., 116, and other cases in which we have held that, at the expiration of the time fixed for removal, the estate of the purchaser revests in the vendor. Assuming that ten years was inserted instead of five for removal, the difference in the price is fixed by the testimony. This amount, easy of calculation, plaintiff would recover. It may not be improper to say that, upon the argument, the attorney who wrote the deed—a man utterly incapable of committing a fraud—had the original deed, showing that a portion of the description was printed, thus explaining how the ambiguity occurred—the written words constitute the specific description. I think that, in any aspect of the case, there should be a new trial, to the end that the rights of all parties may be adjudged and protected.