McLain v. Wilson

BRENDA S. McLAIN, ADMINISTRATRIX OF THE ESTATE OF L. J. MACK, DECEASED v. ALICE M. WILSON AND HOME FEDERAL SAVINGS & LOAN ASSOCIATION

No. 8827SC139

(Filed 6 September 1988)

**Banks and Banking § 4— signature card for joint account—notation limiting withdrawals to one cotenant—notation ineffective to affect survivorship rights**

   Where signature cards for three bank accounts designated a deceased person and defendant "as joint tenants with right of survivorship" and instructed defendant bank "to act pursuant to any one of the joint tenants' signatures . . . in any manner in connection with this account and, . . . to pay . . . to any one or the survivor," a typed addition indicating that withdrawals were to be made only by the deceased person had no effect on defendant's interest in the accounts, since the right of survivorship was properly established under N.C.G.S. § 41-2.1; the intent of the parties was to establish accounts with right of survivorship; the notation limiting withdrawals was a subsequent clause which was irreconcilable with the former clause requiring the bank to honor any of the parties' signatures; and the notation regarding withdrawals was repugnant to the general purpose of the contract.

   APPEAL by defendant Wilson from *Gardner (John M.), Judge.* Judgment entered 29 October 1987 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 2 June 1988.

   Plaintiff, administratrix of the estate of L. J. Mack (deceased), brought a declaratory action against Alice M. Wilson and Home Federal Savings & Loan Association (Home Federal). Plaintiff sought adjudication regarding the rights of the parties to four bank accounts (three of which are the subject of this appeal) on deposit at Home Federal.

   The three accounts in question before this Court are account numbers 1-207607-0, 620041744, and 620041720. The signature cards for each of these accounts designated L. J. Mack and Alice M. Wilson "as joint tenants with right of survivorship" and instructed Home Federal "to act pursuant to any one or more of the joint tenants' signatures, shown below, in any manner in connection with this account and, . . . to pay, without any liability for such payment, to any one or the survivor or survivors at any time." Both L. J. Mack and Alice M. Wilson signed all three cards.

   On each card beside Alice M. Wilson's typed name appears the word "beneficiary." However, each card has a typed addition

indicating that withdrawals be made only by L. J. Mack. Although both could deposit money into the accounts, L. J. Mack made all of the deposits.

The trial judge, sitting without a jury, concluded that these accounts "are not deposit accounts with right of survivorship in that these accounts do not contain the fundamental incident set forth in G.S. 41-2.1(b)(1) that either party to the agreement may draw upon any part or all of the deposit account." The trial court ruled that the estate of L. J. Mack was entitled to all of the funds on deposit in these accounts. From this judgment, defendant Alice M. Wilson appeals.

*Brenda S. McLain, attorney for plaintiff-appellee.*

*Frank Patton Cooke, by Malcolm B. McSpadden, attorney for defendant-appellant.*

ORR, Judge.

On appeal, defendant contends that she is entitled to the funds on deposit in the three accounts. Defendant argues that the right of survivorship was properly established under N.C.G.S. § 41-2.1, and that the notation requiring withdrawals to be made only by L. J. Mack had no effect on her interest in the account. We agree.

The notation "withdrawals only by L. J. Mack" is in direct contradiction to the clause that Home Federal "act pursuant to any one or more of the joint tenants' signatures, shown below, *in any manner* in connection with this account . . . ." (Emphasis added.) Therefore, we must review the signature cards in light of contract law to determine if either or both clauses are in effect before determining whether or not the signature cards comply with N.C.G.S. § 41-2.1.

The law of contracts in North Carolina provides many rules of construction. Three of those rules are particularly pertinent to this case. First, "[t]he intent as embodied in the entire instrument must prevail . . . ." *Electric Supply Co. v. Burgess*, 223 N.C. 97, 100, 25 S.E. 2d 390, 392 (1943). Three factors are considered in ascertaining the intent of the contract; "the nature of the instrument, the condition of the parties executing it, and the objects

which they had in view." *Refining Co. v. Construction Co.*, 157 N.C. 276, 281, 72 S.E. 1003, 1005 (1911).

Here, all three factors indicate an intent that both parties have a right of survivorship in the bank accounts. The nature of the instrument is a standard form for a joint bank account with right of survivorship. The parties were two lay people acting without benefit of legal counsel to execute a contract providing for joint tenancy with right of survivorship. This objective is evidenced by the stipulations that the parties were joint tenants with right of survivorship, that a pro rata share of all deposits made by one was a gift to the other, and that Home Federal was to pay any part or all of the funds to the survivor.

The second applicable rule of construction is that a clause "which is utterly repugnant to the body of the contract and irreconcilable with it, will be rejected; likewise, a subsequent clause irreconcilable with a former clause and repugnant to the general purpose and intent of the contract, will be set aside." *Jones v. Casualty Co.*, 140 N.C. 262, 265, 52 S.E. 578, 579 (1905). In the case *sub judice*, the instrument is a form contract with the notation regarding withdrawals which was added subsequent to the original wording of the contract. Therefore, the notation is a subsequent clause which directly contradicts the former clause that Home Federal honor "any one or more" of the parties' signatures "in any manner" regarding the accounts.

We cannot conceive of a construction that would reconcile the two clauses. Either both parties may act alone or together "in any manner in connection with [the] account[s]" or only one of the two parties, L. J. Mack, may withdraw the funds. However, both clauses cannot be true at the same time. This analysis is also important with regard to the third rule of construction which states that "each and every part of the contract must be given effect, if this can be done by any fair or reasonable interpretation . . . ." *Davis v. Frazier*, 150 N.C. 447, 451, 64 S.E. 200, 202 (1909). After much consideration we cannot foresee an interpretation of this contract which would reconcile the two clauses in such a way as to reasonably allow both to take effect.

Having determined that the two clauses are irreconcilable, we now must consider whether or not the notation regarding withdrawals is also repugnant to the general purpose of the contract.

Given the three factors discussed earlier, the intent and general purpose of the contract was to provide a joint bank account with right of survivorship. While right of survivorship as a legal incident to joint tenancy has been abolished in North Carolina, N.C.G.S. § 41-2, the legislature has provided for the right of survivorship in bank accounts which meet certain statutory requirements. N.C.G.S. § 41-2.1 (1984).

N.C.G.S. § 41-2.1(b) states in pertinent part:

A deposit account established under subsection (a) of this section shall have the following incidents:

(1) *Either* party to the agreement may add to or draw upon any part or all of the deposit account, and any withdrawal by or upon the order of *either* party shall be a complete discharge of the banking institution with respect to the sum withdrawn. [Emphasis added.]

But for the withdrawal clause, the contract would clearly comply with N.C.G.S. § 41-2.1. We therefore conclude that under the accepted rules of contract construction, the withdrawal clause should be disregarded and the contractual terms allowing both parties the right to act in any manner regarding the account will control.

Thus, the trial court's ruling in favor of the plaintiff is reversed, and the case is remanded for further action consistent with this opinion.

Reversed and remanded.

Judges EAGLES and SMITH concur.