MRS. D. A. THOMAS ET AL. v. A. P. MORRIS ET AL.

(Filed 14 October, 1925.)

**1. Waters—Easements—Condemnation—Statutes—Ponding Water.**

Where the lower proprietor has dammed a stream on his own land, and has ponded the water back upon the lands of the upper proprietor under license of the common source of title to use the dam for a public mill, and the license has been later revoked and an easement has thereafter been obtained under judgment of the court in pursuance of C. S., 2555, the easement so acquired is only for the purpose of the use of the mill as stated, C. S., 2531, and does not extend to the exclusive use of water upon the lands of the upper proprietor for fishing and seining.

**2. Same—Limitation of Actions.**

Where the lower proprietor has acquired an easement in the lands of the upper proprietor to pond water back thereon from a dam erected on his own land to operate a public mill, the exercise of this right under the easement does not affect the title to the submerged land of the upper proprietor or subject the upper proprietor to an action for damages that will start the running of the statute of limitations, nor will this use of the water ponded on the land of the upper proprietor by the lower proprietor for fishing with hook and seine ripen into his exclusive use for these purposes.

**3. Instructions—Evidence.**

Where the entire evidence is in defendant's favor and admits of but one inference, it is correct for the trial judge to instruct the jury that if they believe the evidence to answer the issue in his favor.

APPEAL by defendants from *Barnhill, J.,* at September Term, 1924, of LEE.

Action to remove cloud upon title, and for restraining order permanently enjoining defendants from entering upon lands described in the complaint or from further trespassing thereon. Defendants, in their answer, disclaim title to that portion of the land described in the complaint which is not covered by the water of Morris Mill Pond; as to the remainder, which is covered by said waters, they allege that they are the owners and in possession thereof. Defendants plead and rely upon the 30 years and 20 years statute of limitations, and upon the judgment in an action between ancestors in title of both plaintiffs and defendants.

The land in dispute is and has been for more than 30 years covered by water, backed upon it by a dam across Juniper Creek, located below the land. This dam was erected and is maintained in order to procure water power for the operation of a saw mill and a grist mill. The land in dispute, with the water backed and covering the same, is the upper part of Morris Mill Pond. There is evidence that defendants

are the owners and in possession of the dam, the saw mill and grist mill, and the lower part of the Morris Mill Pond.

At the close of defendants' evidence, plaintiff caused to be entered in the record the following admission: "The plaintiffs admit that defendants have backed water on the portion of land in dispute in connection with the operation of Morris Pond a sufficient length of time to acquire, and that they had acquired an easement in the land for that purpose."

At the close of all the evidence, the following issue was submitted to the jury:

"Are the plaintiffs the owners of the land described in the complaint, free and clear of any claim or any right of the defendants to any part thereof, except an easement to back water in connection with the operations of Morris Pond?"

Upon this issue, the court instructed the jury as follows: "So, if you believe the evidence in this case, it will be your duty to answer the issue 'Yes'; if you do not, answer 'No.'" To this instruction defendants excepted, and assign same as error.

The jury having answered the issue "Yes," judgment was rendered that plaintiffs are the owners of the land described in the complaint, free and clear of any claims or rights of the defendants in any part thereof, except an easement to back water thereon, in connection with the operation of the mill, and under the same conditions, with respect to the height of the water ponded, as are now maintained; the judgment includes a restraining order perpetually enjoining defendants, their servants and agents from committing any acts of trespass on the land, or asserting any dominion or control over the same, except in the exercise of their rights under the easement. To this judgment defendants excepted. They appealed to the Supreme Court, assigning errors based upon exceptions taken during the progress of the trial, to the admission and exclusion of evidence, to the refusal of the court to instruct the jury as requested and to instructions as given in the charge.

*A. A. F. Seawell and E. L. Gavin for plaintiffs.*
*D. B. Teague and Hoyle & Hoyle for defendants.*

CONNOR, J. There was evidence that plaintiffs and those under whom they claim are and have been in possession of the land described in the complaint, including the land in dispute, under known and visible lines and boundaries, and under colorable title, for more than seven years. A portion of this land—approximately 20 or 30 acres—is and has been for more than 30 years covered by water, and is the

upper part of Morris Mill Pond. This pond is caused by a dam, across Juniper Creek, which flows over and across the land described in the complaint. The dam was erected more than 30 years before the commencement of this action and has been since maintained continuously for the purpose of securing water power for the operation of a saw mill and grist mill, located on the banks of said creek, below the land in dispute. The water, making the pond known as Morris Mill Pond, extends continuously from the dam up the creek to, and including, the land claimed by plaintiffs. A considerable portion of the pond lies between the dam and the line dividing the land in dispute and the land which forms the lower part of said pond lying nearest the dam and the mills.

There is evidence that more than 30 years ago, M. V. Morris, father of defendants under whom they claim, owned and operated the saw mill and the grist mill. He maintained the dam for the purpose of procuring water power for the operation of said mills. He controlled the pond caused by said dam. Defendants have succeeded to the rights of M. V. Morris with respect to said dam, mills and pond.

In an action pending in the Superior Court of Moore County, entitled, "C. W. R. Thomas et al. v. M. V. Morris et al.," and tried at April Term, 1889, a verdict was rendered that the defendants in that action built the dam, then across Juniper Creek, under the license of plaintiffs in that action; that said license had been revoked prior to the commencement of the action, and that the annual damages arising from the maintenance of the dam since the commencement of the action was $7.50. Judgment was thereupon rendered that plaintiffs recover of defendants the sum of $7.50 per annum for the next five years. Plaintiffs and defendants in the instant action claim under and are privies with the plaintiffs and defendants in that action. Defendants in said action maintained the dam thereafter for five years by virtue of said judgment, and of the statute, now C. S., 2555, 2557 and 2558. At the expiration of said five years, said defendants continued to maintain said dam. This is the same dam as that now maintained by the defendants in this action. The waters of Juniper Creek have been continuously backed and ponded on the land in dispute by this dam.

M. V. Morris, and defendants, since they have succeeded to his rights with respect to said dam and the pond caused thereby, have continuously fished with hook and line and with set nets and seines in the waters of said pond, including the waters covering the land in dispute. They have given permission to others to fish and bathe in said pond, who have, under said permission, fished in the waters of said pond, including the waters covering the land in dispute. Per-

sons have, during this time, fished and bathed in the pond, without permission of defendants.

There is no evidence of other acts done by defendants, or by those under whom they claim, or by those claiming under them, tending to show possession of the land in dispute. Defendants, and those under whom they claim, by a dam erected and maintained for the operation of a saw mill and a grist mill, have ponded water on the land in dispute for more than 30 years and have from time to time continuously during said 30 years, with hook and line, with set nets and seines, fished in the waters covering the land in dispute.

There was no evidence of record title to the land in defendants; they relied upon their pleas of adverse possession for 20 and 30 years as a defense to plaintiff's action.

There was no error in the instruction that if the jury believed the evidence they should answer the issue "Yes." This assignment of error is not sustained.

Those who erected this dam, more than 30 years ago, did so under a license from the then owners of the land described in the complaint, to pond water upon their lands; this license was revoked prior to 1889; the owners of the dam continued to maintain the dam and to pond water upon the land; in an action brought by the owners of the land for damages caused by the ponding of water resulting from the maintenance of the dam across Juniper Creek, below the land, for the operation of a public mill, judgment was rendered that plaintiffs were not entitled to recover damages as alleged, but were entitled to recover annual damages, assessed by the jury, for five years. This judgment was rendered in accordance with section 1858 of The Code, now C. S., 2555.

There is no evidence that executions upon said judgment have been returned unsatisfied; therefore, the owners of the land could not, under Code, 1859, C. S., 2556, have maintained an action to have the dam abated as a nuisance. At the expiration of five years they could have maintained an action for further assessment of damages; their failure to avail themselves of this right conferred by statute for over 20 years did not affect the right of the owner of the dam to continue to maintain it for the purpose of operating a public mill, and to continue to pond water on the land as he had theretofore done. The lapse of time has barred the owner of the land of the right to recover damages, as provided by statute; it has not affected, however, either by enlarging or lessening the same, the rights of the owner of the dam. His right to pond water, by virtue of the easement, is of the same character as his right to do so, by virtue of the license, prior to 1889, and of the judgment rendered at April Term, 1889, of the Superior Court

of Moore County, during the succeeding five years. The exercise of his right to pond water upon the land has not been adverse to the true title to the land, and no title to the land adverse to the true title could be founded upon the exercise of this right, even if there had been evidence of possession as required for ripening title under the 20 or 30 years statute of limitations.

The easement acquired by defendants to pond water on the lands in dispute, admitted by plaintiffs, conferred upon them no greater rights than would have been conferred by a grant, or by a judgment in a condemnation proceeding under the statute. Nor did the exercise of rights under the easement subject defendants to an action for damages, resulting from the exercise of such rights. *Powell v. Lash,* 64 N. C., 456, 59 L. R. A., 817, and note. The very definition of an easement is inconsistent with a contention that the title to the land, subject to the easement, was or could have been affected thereby. "An easement is a liberty, privilege, or advantage, without profit which the owner of one parcel of land may have in the lands of another." 19 C. J., 862.

"The overflowing of land by an act not done on it, but by stopping a water-course below, on one's own land, is not an ouster of the owner of the land overflowed. There is no entry, which is necessary to make a disseizin. The remedy for the injury is not trespass, but an action on the case for the consequential damages. Hence, however long it may continue, it affords, of itself, only a presumption of a grant of an easement, and not of a conveyance of the land."

This principle from the opinion of *Ruffin, C. J.,* in *Green v. Harman,* 15 N. C., 161, applicable to the facts of the instant case, is cited by *Justice Allen* in *LaRoque v. Kennedy,* 156 N. C., 361, who says it is not applicable to the facts in that case. In the latter case, the dam was on the land claimed by defendant whose contention was that he was the owner of the land upon which the water was ponded, under a deed covering same.

The rule stated in *Williams v. Buchanan,* 23 N. C., 535, and approved in *Locklear v. Savage,* 159 N. C., 237, and in numerous other cases decided by this Court and cited in the brief for defendants, applied only where the possession is adverse. The water was ponded on the land in dispute by the dam, erected under a license from the owners of the land, and maintained by virtue of the judgment in the proceedings to condemn, under the statute, and continued, after the expiration of five years, until, by the lapse of time, an easement was acquired, which barred the owners of the land only of the right to recover damages resulting from ponding water on their land by the dam.

The acts of defendants and of those under whom they claim and of those who claim under them, are not evidence of possession of the land. They fished in the waters upon the land with hook and line, nets and seines. This is quite different from constructing fish traps and repairing dams on the land for the purpose of catching fish in the waters flowing over the same, which was held by *Gaston, J.,* in *Williams v. Buchanan,* 23 N. C., 536, to be acts of dominion over the land, constituting unequivocal possession of same. The contention that fishing in the waters of a mill pond subject the fishermen to an action of ejectment by the owner of the land, is novel; it is interesting if not persuasive.

The burden of the issue submitted to the jury was upon the plaintiffs; there was evidence which, if believed by the jury to be true, was sufficient to sustain the affirmative of the issue; there was no evidence to the contrary, and therefore no conflict in the evidence. No reasonable inference could have been drawn by the jury adverse to the contention of plaintiffs upon the issue.

There was no error in the instruction to the jury and the assignment of error based upon the exception to same cannot be sustained.

We have examined and considered the other assignments of error. None are prejudicial and they are not sustained.

Defendants contend that the easement to pond water upon the land in dispute, which plaintiffs admit defendants have acquired, carried with it the exclusive right to all uses of the ponded water on the land, including the exclusive right to fish and bathe therein. They therefore assign as error the restraining order included in the judgment. The right to maintain a dam, for the purpose of procuring water power for the operation of a public mill, C. S., 2531, and for that purpose to pond water upon the lands of another situate on the stream above the dam, is founded upon the right of eminent domain. It ought, therefore, to be limited strictly to the accomplishment of the purpose for which it is granted, conferred, or acquired. It carries with it all rights incident to the principal right; the owner of the mill may use the water for every purpose incident to the purpose for which the right to pond the water is recognized; but these incidental rights ought not to be unduly extended by construction. The right to fish or bathe in a mill pond has no connection with the right to use the water for purposes of power. It is not incidental to the principal right, nor does the principal right, under the easement, carry with it the right to fish or bathe in the water ponded upon the lands of another. The contention is not well founded, and there was no error in the judgment in the respect complained of.

We have examined with care authorities cited in the brief of defendants to sustain their contention that as the owners of the easement to pond water upon plaintiff's land, they have the exclusive right to fish and bathe therein. The authorities do not sustain the contention. It is said in *Turner v. Hebron,* 61 Conn., 175, 14 L. R. A., 386, "Prima facie, the right to take fish in any water other than navigable rivers, belongs to the owner of the soil over which the water flows. Whenever the ownership of water is in one person and the ownership of the soil under the water is in another, the right of fishing in the water belongs to the former." Defendants, however, have not acquired ownership of the water which flowed naturally through Juniper Creek, over plaintiff's land. They have acquired and own only the right to impede the water when it reaches the dam on their land, and thus to pond same on plaintiff's land. Their rights under the easement are confirmed by the judgment. With this they must be content. There is

No error.