MAMIE P. WOLFE ET AL. v. JAMES A. SMITH ET AL.

(Filed 22 March, 1939.)

**1. Appeal and Error § 40d—**

Admission of hearsay evidence will not be held for prejudicial error when it is merely cumulative of other competent evidence in the case, and another witness is permitted to testify to substantially the same fact without objection, and on cross-examination by appellant the same facts are again brought out in evidence.

**2. Trusts § 17: Deeds § 10c: Mortgages § 12—**

All the evidence in this case *is held* to show that the trustee of a resulting trust encumbered the lands to secure his own personal preëxisting

debt, and the evidence sustains an instruction that if the jury should find the facts to be as all the evidence tended to show, the grantees in the encumbrances would not be *bona fide* purchasers so as to defeat the rights of the *cestuis que trustent.*

**3. Limitation of Actions § 4—Action to declare resulting trust held not barred, the possession of trustee being lawful.**

This action was instituted by heirs of the wife, against the husband and the grantees in encumbrances on the land executed by him, to declare plaintiffs the owners of the land under a resulting trust upon evidence that the total purchase price for the land was furnished by money belonging to the wife's separate estate. *Held:* Since defendant husband was in lawful possession of the lands as tenant by the curtesy at the time of the institution of the action, neither the three- nor ten-year statutes of limitation bars the actions, there being no disavowal of the trust by the husband and nothing sufficient in law to put plaintiffs on notice of a claim adverse to them, the mere registration of the deeds of trust being insufficient for this purpose, and there being no competent evidence sufficient to show a foreclosure of any of the instruments.

APPEAL by defendants S. M. Davis, Trustee, and A. J. Davis from *Williams, J.,* at October Term, 1938, of WAYNE. No error.

The plaintiffs' evidence is substantially to the effect that James A. Smith purchased the lands described in the complaint with money belonging to his wife, Vivie E. Smith, the proceeds of the sale of certain lands belonging to her, which constituted the entire purchase price of the lands. As to the first tract, the title was taken in the name of J. A. Smith and Vivie E. Smith, although J. A. Smith paid none of the purchase price and had no interest in the lands; and the evidence tends to show that this was without the authority of Vivie E. Smith and unknown to her at the time. As to the second tract of land, the evidence tends to show that the title was taken in the name of J. A. Smith alone, without consideration on his part, the entire purchase price having been paid by Vivie E. Smith, which also was unauthorized by her. Subsequently it had been agreed between James A. Smith and Vivie E. Smith that the lands should be put in her name as the real owner. Vivie died before this was done, in December, 1929.

After Vivie E. Smith's death, James A. Smith became financially involved and confessed judgment in various large amounts to A. J. Davis, to Mount Olive Grocery and Hardware Company, Utility Hardware & Grocery Company, and others.

On the 13th day of February, 1930, J. A. Smith executed to the Utility Hardware and Grocery Company a note in the sum of $3,000.00, secured by a deed of trust upon the lands described in the complaint.

On the 30th day of September, 1931, J. A. Smith filed a petition in bankruptcy and received his discharge sometime prior to March, 1932.

Shortly after his discharge in bankruptcy, Smith again confessed judgment in favor of A. J. Davis for the sum of $1,157.00, and the further sum of $6,059.55, with interest.

There is in evidence a deed from A. J. Davis to J. A. Smith, purporting to convey to him the lands described, and the recitals purport to base this deed on a foreclosure sale of the lands. On the 31st day of May, 1932, Smith executed to A. J. Davis a note in the sum of $7,-314.64, with interest, secured by deed of trust upon the lands in controversy. The evidence discloses no present consideration for the mortgages in question, but tends to show that they were executed to secure a preëxisting indebtedness, solely that of J. A. Smith.

On the trial, Mrs. R. Q. Brown was examined as a witness for the plaintiffs and, over the objection of the defendants, was permitted to say that Vivie E. Smith (deceased before the trial) had told her that she had got some money from her father's estate and was using it in the purchase of this land; that she had some money when they were married; that she had sold her place in Sampson which she had gotten from her daddy, and that "Jim (J. A. Smith), has bought that in his name and if he were to die first I wouldn't get any of that"; that she had sold her place her daddy had given her in Sampson County and they had invested it in the Hobbs place, and that she and Jim had been talking about changing the papers. Previously, A. J. Davis, who testified for the plaintiffs, had been permitted, without objection, to testify to substantially the same facts, and, upon cross-examination by these defendants, went into the same matter with some degree of particularity. (R., pp. 27-33.)

The following issues were submitted to the jury and answered as indicated:

"1. Does the defendant J. A. Smith hold title to the lands in controversy in trust for the heirs of Mrs. Vivie E. Smith, deceased? A. 'Yes.'

"2. Are the defendants S. M. Davis, Trustee, and A. J. Davis *cestui que trust, bona fide* purchasers of said land for value without notice of any trust affixed to the title thereto? A. 'No.'

"3. Is plaintiffs' cause of action barred by the three-years statute of limitations? A. 'No.'

"4. Is plaintiffs' cause of action barred by the ten-years statute of limitations? A. 'No.' "

The exceptions to the instructions on these several issues, important for consideration here, are as follows:

On the first issue the court charged the jury: "If you find by evidence clear, strong and convincing that the deceased Mrs. Smith furnished the purchase money with which to purchase the Hobbs land, and that title thereto was taken in the name of herself and husband, then the

court charges you that the law would create what is known as a resulting trust to her favor, and would be your duty, if you so find, to answer that issue 'Yes'; unless you so find you would answer it 'No.' "

On the second issue: "All the evidence in this case tends to show that the defendants S. M. Davis, Trustee, and A. J. Davis, hold under a deed of trust which by its terms secures an antecedent debt or a preëxisting debt. The court instructs you as a matter of law, if you find the facts to be as all the evidence tends to show, you would answer the second issue 'No.' "

On the third issue: "The court, being of the opinion on that question that the fact of registration of these various instruments did not constitute notice to the plaintiffs such as would be sufficient to bar their right of action under the three-year statute, instructs you as a matter of law, if you find the facts to be as all the evidence tends to show, you will answer that issue 'No.'

On the fourth issue: "Upon that, the court being of the opinion that the joint possession of the husband and wife is sufficient, as a matter of law, to protect her claim against the bar of the statute, there being no evidence of any intention on her part to abandon it, instructs you that if you find the facts to be as all the evidence tends to show, you will answer that issue 'No.' "

The court recapitulated the substance of its instructions to the jury as to the second, third, and fourth issues, in each instance instructing them, in substance, that if they found the facts to be as all the evidence tended to show, they would answer these several issues "No." The jury answered all these issues in favor of the plaintiffs, and from judgment upon the verdict defendants appealed.

*D. H. Bland for plaintiffs, appellees.*
*J. Faison Thomson and Walter T. Britt for defendants, appellants.*

SEAWELL, J. Conceding that there was evidence to go to the jury as establishing a resulting trust, and we think there was, for the purpose of our review, this case resolves itself into a few simple propositions, which are fairly stated as the questions involved in defendants' brief: Was the trial court justified in admitting the testimony of the witness, Mrs. R. Q. Brown, as to what Vivie E. Smith told her about the circumstances connected with the purchase of the land and the condition of the title? Was there sufficient evidence to go to the jury that defendants, or any of them, were innocent purchasers, for value, of the lands described in the complaint? Could any inference unfavorable to the plaintiffs be drawn from the evidence relating to the bar of the statute?

1. The testimony of Mrs. R. Q. Brown, standing alone, offends against the hearsay rule and its admission would have been error except for the

fact that J. A. Smith had been permitted, without objection, to testify to substantially the same effect, and moreover, on his cross-examination by the defendants, substantially the same facts were again brought out in evidence. The statement of the witness was merely cumulative and, considering the circumstances under which it was drawn out, its admission will not be held for reversible error. *Lambert v. Caronna,* 206 N. C., 616, 175 S. E., 303; *Nance v. Fertilizer Co.,* 200 N. C., 702, 708, 158 S. E., 486; *Bateman v. Brooks,* 204 N. C., 176, 185, 167 S. E., 627; *Shelton v. R. R.,* 193 N. C., 670, 674, 139 S. E., 232.

2. The evidence tends to show that the deeds of trust executed upon the land of J. A. Smith were for an antecedent indebtedness of his own. It is suggested that they were made in part for advancements or for some consideration thereafter to be supplied; but the evidence does not support this suggestion and the totals of the figures in the judgments. and the deeds of trust executed therefor indicate strongly that the judgments were the entire consideration. J. A. Smith testified that the mortgages were given to secure a past due indebtedness, and we are not able to find in the record any substantial contradiction of this testimony. Since, in this respect, only one inference could be drawn from the evidence, and that favorable to the contention of the plaintiffs, the instruction given by the trial judge to the effect that if they found the facts to be as all the evidence tended to show they would answer this issue "No," is without error. *Bank v. Noble,* 203 N. C., 300, 165 S. E., 732; *Thomas v. Morris,* 190 N. C., 244, 129 S. E., 623.

3 and 4. We cannot find any fact or circumstance that would have a tendency to contradict the plaintiff's evidence to the effect that they had no notice of a claim adverse to them, or facts or circumstances from which such notice might be inferred such as would start the running of the statute.

The defendants rely upon the fact of registration of the deed of trust as putting the plaintiffs on notice that J. A. Smith claimed the lands adversely to the trust. The fact of registration, standing alone, however, is neither constructive notice nor is it a circumstance that would be considered in law as putting the plaintiffs on inquiry, under the evidence of this case.

The alleged fact of foreclosure of the deed of trust of 1930 is not supported in the evidence except by the recitals of the conveyance made by A. J. Davis to J. A. Smith purporting to be in consequence of such sale. The recitals in this deed are not sufficient evidence to establish the fact of such public sale, if this should be relied on as a circumstance in aid of the registration of the mortgage. *Ewbank v. Lyman,* 170 N. C., 505, 87 S. E., 348; *Tuttle v. Tuttle,* 146 N. C., 484, 59 S. E., 1008; *Modlin v. R. R.,* 145 N. C., 218, 58 S. E., 1075; *Latham v. Latham,* 184 N. C., 55, 113 S. E., 623.

For the entire period down to the institution of this suit the lands were in the continuous possession either of Vivie E. Smith and J. A. Smith, or, after her death, in the continuous possession of J. A. Smith, who was entitled to hold the same by virtue of his right as tenant by the curtesy. The case presents no circumstance, or combination of circumstances, which, without change of possession, might have been sufficient for the defendants in this action to rely on as notice that the trust had been violated and the trustee was asserting a claim of title in himself. Except for the conveyance in trust made after the death of Vivie E. Smith, there is no act of J. A. Smith appearing in the evidence to indicate that he did not regard the trust as binding upon him, and since the registration of that deed must stand alone as giving such notice, we do not regard it as sufficient in law.

In *Spence v. Pottery Co.,* 185 N. C., 218, 221, 117 S. E., 32, the Court said, per *Stacy, J.:* "It is further contended by appellants, who are judgment creditors of J. T. Spence, that plaintiff's right, if any she has, is now barred by the lapse of time, and they therefore pleaded the statute of limitations. The plaintiff and her husband have been in the continuous possession of said property since its purchase in 1906, without any apparent abandonment of plaintiff's right, and this, under the authorities, would seem to protect her claim against the bar of the statute. Speaking to a similar question in *Stith v. McKee,* 87 N. C., 391, *Ruffin, J.,* said: 'That one may preclude himself by his laches from asserting a right which otherwise the courts would help him to enforce, there are abundant authorities to show. But to do so in any case, there must be something on his part which looks like an abandonment of the right, or an acquiescence in its enjoyment by another, inconsistent with his own claim or demand, and accordingly we have searched in vain for a single instance in which a court has withheld its aid in the enforcement of an equity, on the ground of the lapse of time when the party seeking it has himself been in the continued possession of the estate to which that equity was an incident.' See, also, *Mask v. Tiller,* 89 N. C., 423; *Flanner v. Butler,* 131 N. C., 156; *Norton v. McDevit,* 122 N. C., 759. The husband's possession is considered to be the possession of the wife also, where they are living together. *Faggart v. Bost,* 122 N. C., 520."

We think the instructions given to the jury are fully sustained by the decisions of this Court.

We have examined the other exceptions in the record and do not find anything in them that would justify us in disturbing the result of the trial.

In the trial of this case, we find

No error.