### NICHOLAS A. WALKER v. CARL O. STORY.

#### (Filed 21 September, 1960.)

**1. Ejectment § 6—**

A complaint alleging that plaintiff is the owner of a described tract of land, that defendant claims the land, which claim constitutes a cloud on plaintiff's title, and that plaintiff is entitled to have such cloud removed and to a writ putting him in possession, states a cause of action in ejectment.

**2. Ejectment § 7:    Quieting Title § 2—**

In an action in ejectment, the burden is upon plaintiff to prove title good against the whole world or good against the defendant by estoppel. This rule also applies in an action to remove cloud from title.

**3. Ejectment § 10—**

In an action in ejectment instituted prior to the effective date of the 1959 amendment to G.S. 1-42, plaintiff's evidence of chain of title for little more than thirty years prior to the institution of the action, is insufficient to overrule nonsuit. Since the 1959 amendment by its terms does not apply to pending litigation, the effect of this amendment is not presented or decided.

APPEAL by plaintiff from *Fountain, S. J.*, June 6, 1960 Special Term, of POLK.

This action was begun 20 December 1958. The complaint alleges plaintiff is the owner of a described tract of land, that defendant also claims to own the land, which claim constitutes a cloud on plaintiff's title, that plaintiff is entitled to have the cloud so created removed and is also entitled to a writ putting him in possession.

Defendant denied that plaintiff owned the land. He asserted his ownership and rightful possession.

At the conclusion of plaintiff's evidence the court allowed defendant's motion for nonsuit. Plaintiff appealed.

*W. Y. Wilkins, Jr., for plaintiff, appellant.*
*B. T. Jones, Jr., for defendant, appellee.*

RODMAN, J. The action is in substance an action in ejectment with the burden on plaintiff to establish his superior title. *Hayes v. Ricard*, 244 N.C. 313, 93 S.E. 2d 540.

To establish his ownership and right to possession plaintiff offered in evidence a deed dated 1 September 1926 from Nelson Hawkins and wife to Edward Mickler and Helen Ahern for the land in controversy. He also offered in evidence deeds which would vest in him such title, if any, as Mickler and Ahern acquired by the deed to

them. Plaintiff offered no evidence of possession by him or his grantors nor did he offer any evidence tending to estop defendant.

*Avery, J.,* said in *Mobley v. Griffin,* 104 N.C. 112: "The general rule is that the burden is on plaintiff, in the trial of actions for the possession of land, as in the old action of ejectment, to either prove a title good against the whole world or good against the defendant by estoppel." The rule so stated has been consistently applied. *Norman v. Williams,* 241 N.C. 732, 86 S.E. 2d 593, and cases there cited. The rule also applies in an action in which the only relief sought is to remove cloud from title. *Thomas v. Morris,* 190 N.C. 244, 129 S.E. 623.

Plaintiff contends c. 469, S. L. 1959, ratified 8 May 1959, which amends G.S. 1-42, has the effect of relieving plaintiff of the burden of proof as declared in *Mobley v. Griffin, supra,* since he bases his claim of title on an instrument bearing date more than thirty years prior to the institution of the action.

Plaintiff's contention is refuted by sec. 3 of the Act which expressly declares that it shall not apply to pending litigation. This suit was begun and was pending more than five months before the Act relied upon took effect.

We are not now called upon to interpret the statute. The disposition we make of the appeal must not be understood as implying approval of plaintiff's interpretation of the statute.

Affirmed.