NANCY H. McWHIRTER v. KENNETH R. DOWNS, Executor of the Estate of W. H. McWHIRTER, Deceased; NANCY MARYLAN McWHIRTER; AND GERALDINE M. McWHIRTER

No. 7026SC36

(Filed 6 May 1970)

**1. Appeal and Error § 28— findings to which no exception is made**

Findings of fact to which no exception has been made are deemed supported by the evidence.

**2. Wills § 28— intent of testator**

The intent of the testator is to be gathered from a consideration of a will from its four corners.

**3. Wills §§ 43.5, 73— action to recover bequest — identity of person named as donee**

In this action to recover a bequest allegedly made to plaintiff under a will, the trial court properly concluded that plaintiff is not the person named in the item of the will in question, where another item of the will clearly identifies the person in the disputed item as being a member of a particular class — nieces and nephews of testator or his deceased wife — and the court found that plaintiff is not within that class.

**4. Costs § 3— action to recover bequest — fee for plaintiff's attorney as part of defendant's costs**

In this action against an executor to recover a bequest allegedly made to plaintiff wherein it was determined that plaintiff is not the person intended by testator as donee of the bequest in controversy and adjudged that she recover nothing of defendant, the trial court had discretionary authority under G.S. 6-21 to tax a reasonable attorney's fee for plaintiff's attorney as a part of the costs to be paid by defendant executor.

Appeal by plaintiff and defendants Downs and Geraldine M. McWhirter from *Falls, J.,* 8 September 1969 Schedule "C" Session of Mecklenburg County Superior Court.

This action was instituted by plaintiff on 27 September 1968 to recover a $2,000 bequest made to one Nancy H. McWhirter under

the Last Will and Testament of W. H. McWhirter. The defendant Executor filed answer alleging that plaintiff has always been known by the name of "Charlene" and denying that she is the Nancy H. McWhirter named as a donee in the will. The Executor further alleged that the bequest in controversy had been paid to a niece of the testator, Nancy Marylan McWhirter, and upon his motion Nancy Marylan McWhirter and the residuary legatee, Geraldine M. McWhirter, were ordered joined as additional defendants.

The parties waived trial by jury and the evidence was heard by the court. At the conclusion of plaintiff's evidence the court made findings of fact favorable to defendants, concluded that plaintiff is not the person intended by the deceased testator as donee of the bequest in controversy and adjudged that she recover nothing of defendants. The court provided in the judgment that $700 be allowed as a reasonable attorney's fee for plaintiff's attorney and ordered said amount assessed as part of the costs and paid by defendant Executor from the funds in the estate. Plaintiff appeals from that portion of the judgment adverse to her and the Executor and residuary legatee appealed from the court's award of counsel fees to plaintiff's attorney.

*H. Parks Helms for plaintiff appellant-appellee.*

*William H. Booe for defendant appellees-appellants.*

GRAHAM, J.

Plaintiff is the wife of a nephew of W. H. McWhirter who died on 10 December 1967 in Mecklenburg County. His will, which has been duly filed and probated in Mecklenburg County, provides in Items Eight, Nine and Ten as follows:

## "ITEM EIGHT

I will, devise and bequeath to Mary Lee Cory the sum of TWO THOUSAND AND NO/100 ($2,000.00) DOLLARS.

## ITEM NINE

I will, devise and bequeath to Nancy H. McWhirter the sum of TWO THOUSAND AND NO/100 ($2,000.00) DOLLARS.

## ITEM TEN

I will, devise and bequeath to my nieces and nephews and to my deceased wife, Nancy H. McWhirter's, nieces and nephews with the exception of Mary Lee Cory and Nancy H. McWhirter foregoing named the sum of ONE THOUSAND AND NO/100 ($1,000.00) each."

## PLAINTIFF'S APPEAL

Plaintiff's sole assignment of error is to the conclusion of the court that she is not the Nancy H. McWhirter whom the testator intended as the donee under Item Nine of his Last Will and Testament. The trial court made only the following three findings of fact:

"1.   The plaintiff, Nancy H. McWhirter, is not a niece nor a nephew of the deceased testator, W. H. McWhirter;

2.   The plaintiff is not a niece nor a nephew of Nancy H. Mc-Whirter, the deceased wife of the deceased testator, W. H. Mc-Whirter; and

3.   The plaintiff is not the person whom the deceased testator intended as the donee under Item Nine of his Last Will and Testament."

[1]   While finding number 3 is not denominated as such, it is obviously a conclusion drawn by the court from the facts. In our opinion it is supported by the first two findings which are not excepted to and are therefore deemed by us to be supported by the evidence. 1 Strong, N.C. Index 2d, Appeal and Error, § 28, and cases therein cited.

[2, 3]   It is elementary that the intent of a testator is to be gathered from a consideration of a will from its four corners. *McCain v. Womble,* 265 N.C. 640, 144 S.E. 2d 857, and cases therein cited. Item Ten of the will clearly identifies the Nancy H. McWhirter named in Item Nine as being a member of a particular class — that is, nieces and nephews of the testator or his deceased wife. The court's first two findings to the effect plaintiff is not within that class support the conclusion made that plaintiff is not the Nancy H. McWhirter named in Item Nine as a donee and the further conclusion that plaintiff is not entitled to recover in this action. Plaintiff's assignment of error is overruled.

## DEFENDANT'S APPEAL

[4]   As a basis for their appeal, defendants contend that the court is without authority to award plaintiff's counsel an attorney's fee. We do not agree. G.S. 6-21 provides in part as follows: "Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court: . . . (2) Caveats to wills and any action or proceeding which may require the construction of any will or trust agreement, or fix the rights and duties of parties thereunder; . . . The word 'costs' as the same appears and is used in this section shall be construed to include reasonable attorneys' fees in such amounts as the court shall in its discretion determine and allow; . . ."

It is our opinion and we so hold that the language quoted above is sufficient to vest in the trial court the discretionary authority to tax reasonable attorney's fees as a part of the costs to be paid by the Executor. No question has been raised regarding the reasonableness of the attorney's fee here involved.

Plaintiff's appeal affirmed.

Defendants' appeal affirmed.

BROCK and BRITT, JJ., concur.