R. H. ALLEN AND WIFE, JANICE S. ALLEN v. THE CONSERVATIVE HUNTING CLUB, A NONPROFIT CORPORATION

No. 722DC108

(Filed 28 June 1972)

1. Quieting Title § 2; Trespass to Try Title § 2— removal of cloud from title — burden of proof

    In an action to remove cloud from title, the burden is upon plaintiffs to prove title good against the whole world or against the defendant by estoppel.

2. Ejectment § 7; Trespass to Try Title § 2— superior title from common source — burden of proof

    In order to establish superior title from a common source, plaintiffs must not only trace title to a common source, but they must trace title to the land in controversy to a common source.

3. Ejectment § 7; Trespass to Try Title § 2— superior title from common source — fitting description to the land

    In an action to remove cloud on title in which plaintiffs claim superior title from a common source, plaintiffs must fit the descriptions in their chain of title and in defendant's chain of title to the land claimed and show that the land claimed is embraced within their respective descriptions.

4. Trespass to Try Title § 2— superior title from common source — insufficiency of evidence

    Plaintiffs failed to establish superior title to the land in controversy from a common source where there is nothing in the record, other than vague and indefinite descriptions and recitals contained in two deeds to defendant, to show that the land claimed by defendant is either the land described in the complaint or the land claimed by plaintiffs, or to connect either the defendant or the land to which it claims title to the common source.

APPEAL by defendant from *Manning, District Judge,* 12 July 1971 Session of District Court held in HYDE County.

This is a civil action to remove a cloud on the title to land allegedly owned by the plaintiffs and claimed by the defendant. In their complaint, the plaintiffs allege they are the owners and in possession of a tract of land in Currituck Township, Hyde County, North Carolina, and that the defendant claims an estate and interest in said land which claim constitutes a cloud on plaintiffs' title. The defendant filed answer denying the material allegations of the complaint. Trial was before the judge without a jury. The plaintiffs offered evidence and the defendant offered no evidence. The defendant's motion for an involuntary dismissal, made pursuant to Rule 41(b) on the grounds that upon the facts and the law the plaintiffs had shown no right to relief, was denied. The Court made the following findings and conclusions:

"1. That by deed dated May 15, 1968 . . . Milburn Respess and wife, Jane L. Respess, conveyed to plaintiffs . . . the lands described in the complaint.

2. That by deed dated June 15, 1959 . . . James H. Dunbar conveyed to Milburn M. Respess the lands described in the complaint.

3. That by deed dated August 2, 1956 . . . Edith B. Linton and husband, M. G. Linton, Wilber P. Dunbar and wife, Mary A. Dunbar, W. B. Dunbar, C. J. Dunbar and wife, Ethel D. Dunbar, Anna D. Allen and husband, W. E. Allen, Edward Wilson Dunbar, R. M. Harris, V. O. C. Harris, Earl D. Harris and wife, Lenora B. Harris, Marion A. Harris and wife, Lois Harris, Robert R. Harris and wife, Edith H. Harris, Milton Harris and wife, Gladys S. Harris, William G. Harris and wife, Pauline Harris, Alice H. Ramness and husband, O. A. Ramness, conveyed to James H. Dunbar the lands described in the complaint.

4. That the Grantors, other than their spouses, in the deed set out in No. 3 above . . . are the heirs at law of W. P. Dunbar.

5. That by deed dated April 24, 1903 . . . A. N. Dunbar and wife, Sarah C. Dunbar, conveyed to W. P. Dunbar, the land described in the complaint.

6. That by deed dated March 3, 1943 . . . George P. Davis, Commissioner, conveyed to Hyde County, a Municipality,

lands which included the lands described in the complaint of the plaintiffs.

7. That by deed dated May 7, 1951 . . . Hyde County, a Municipal Corporation, conveyed to the Conservative Hunting Club, Inc., lands which included the lands described in the plaintiffs' complaint.

8. That the defendants in the tax foreclosure action which resulted in the conveyance . . . from George T. Davis, Commissioner, to Hyde County, were the heirs at law of A. N. Dunbar.

## CONCLUSIONS OF LAW

. . . .

1. That the plaintiffs and the defendant claim ownership to the tract of land shown in the complaint from a common source of title, to wit: A. N. Dunbar.

2. That the plaintiffs have introduced evidence sufficient to establish ownership of and title to the lands described in the complaint."

From a judgment declaring the plaintiffs the owners of the lands described in the Complaint free and clear of the claim of the defendant, the defendant appealed.

*R. C. deRosset, Jr., for plaintiff appellees.*

*McMullan, Knott & Carter by W. B. Carter, Jr., for defendant appellant.*

HEDRICK, Judge.

[1-3]  The defendant contends the court erred in denying its timely motion for involuntary dismissal. Defendant's motion for an involuntary dismissal in an action tried by the Court without a jury challenges the sufficiency of the plaintiffs' evidence to establish the right to relief. *Wells v. Insurance Co.,* 10 N.C. App. 584, 179 S.E. 2d 806 (1971). In an action to remove cloud from title, the burden is upon plaintiffs to prove title good against the whole world or against the defendant by estoppel. *Walker v. Story,* 253 N.C. 59, 116 S.E. 2d 147 (1960). "The plaintiff may safely rest his case upon showing such facts and such evidences of title as would establish his right to recover, if no further testimony was offered. This *prima facie*

showing of title may be made by either of several methods."
*Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142 (1889). In this
action, plaintiffs attempted to connect the defendant with a
common source of title, and show in themselves a better title
from that source. *Mobley v. Griffin, supra.* To so establish
*their* title, plaintiffs must not only trace title to a common
source, but they must trace title to the land in controversy to
that source. *Taylor v. Scott* and *Lewis v. Scott,* 255 N.C. 484,
122 S.E. 2d 57 (1961). The plaintiffs must fit the descriptions
in their chain of title and in the defendant's chain of title to
the land claimed and show that the land claimed is embraced
within their respective descriptions. *Seawell v. Fishing Club,*
249 N.C. 402, 106 S.E. 2d 486 (1959) ; *Day v. Godwin* and *Day
v. Paper Co.* and *Day v. Blanchard,* 258 N.C. 465, 128 S.E.
2d 814 (1963) ; *Cutts v. Casey,* 271 N.C. 165, 155 S.E. 2d 519
(1967).

[4]   In attempting to make out their *prima facie* case, the plain-
tiffs introduced into evidence the following:

1. Deed dated 15 May 1968 from Respess to Allen. (Ex-
   hibit 1)

2. Deed dated 18 June 1959 from James Dunbar to Respess.
   (Exhibit 2)

3. Deed dated 2 August 1956 from Edith D. Linton and
   husband, et al to James Dunbar (recital indicates
   grantors to be all of the heirs of W. P. Dunbar). (Ex-
   hibit 3)

4. Deed dated 24 April 1903 from A. N. Dunbar and wife
   to W. P. Dunbar. (Exhibit 4)

5. Deed dated 7 May 1951 from Hyde County to the
   Conservative Hunting Club, Inc. (Exhibit 5)

6. Deed dated 2 March 1943 from George T. Davis, Com-
   missioner, to Hyde County. (Exhibit 6)

In their Complaint plaintiffs allege they are the owners, and
the defendant claims an interest, in the following:

"(a) certain tract or parcel of land in the County of
Hyde, in Currituck Township, and more particularly de-
scribed as follows:

BEGINNING in the Eastern margin of New Lake in the Northwestern corner of the tract denominated W. P. Dunbar on the Richmond Cedar Works Map on record in the office of the Register of Deeds of Hyde County, where a double ditch intersects the margin of said Lake; thence running South 87 degrees 40 minutes East to an iron pin in the West Virginia Pulp & Paper Company line; thence running North 17 degrees East 9.79 chains with the line of the West Virginia Pulp & Paper Company; thence running North 87 degrees 40 minutes West to the shore line of New Lake; thence running Southeastwardly with the shoreline of New Lake to the point of BEGINNING."

Plaintiffs' evidence tended to show that the land claimed by the plaintiffs was described in exhibits 1, 2, and 3 as follows:

"FIRST TRACT: Bounded on the North by the A. N. Dunbar land; bounded on the East by the Richmond Cedar Works land now owned by West Virginia Pulp Company; bounded on the South by the Sarah C. Dunbar lands now owned by _____, and land now owned by _____; bounded on the West by the shore line of New Lake, containing Thirty-Three (33) Acres, more or less."

The description in exhibit 4 is as follows:

"Beginning in a cypress stump at the lake and running east 200 poles to a bay, thence north twenty-three and half poles to a maple, thence west 200 poles to a gum at the lake, thence with the lake to the beginning, containing one hundred and fifty acres to the same, more or less."

Plaintiffs offered additional evidence attempting to trace their title to the land in controversy to A. N. Dunbar, but our decision makes it unnecessary to recite this evidence. In their Complaint plaintiffs alleged that the defendant's alleged claim to the land in controversy was based solely on Tract 3 described in exhibit 5 which is as follows:

"THIRD TRACT: That certain tract or parcel of land, known as the 'A. N. Dunbar Heirs' tract, the same is bounded on the North by the 'B. L. S. Dunbar' land, now owned by Mary Radcliff; bounded on the East by the lands of Richmond Cedar Works; bounded on the South by the 'W. P.

Dunbar' land, and the 'E. R. Windfield' land, and bounded on the West by Alligator or New Lake and the 'W. P. Dunbar' heirs tract, containing 130 acres, more or less.

This tract of land is shown on 'Map of the Richmond Cedar Works Holdings in Fee Tyrrell and Hyde Counties, North Carolina' as prepared by John Farrer, C.E., June, 1921, in Registration of Land Titles Book 2, page between 350 and 351, as three tracts designated 'Sarah C. Dunbar No. 184, A. N. Dunbar No. 185,' and a tract adjacent to New Lake is marked 'A. N. Dunbar'. All three tracts are contingent.

Reference is made to Deed from A. N. Dunbar and wife to Hughey F. Dunbar and others, dated January 26, 1898, recorded in the Register's Office of Hyde County, North Carolina, in Deed Book 23, page 315, for description of the tract adjacent to New Lake.

A. N. Dunbar and wife, Sarah C. Dunbar, left surviving them as their sole heirs at law: Hattie Gaylord; Prucie Baynor; Maggie Armstrong, wife of Matus Armstrong, Lessie Watson, R. A. Dunbar, Hughey Dunbar, Ernest Dunbar; Rosa Dunbar and Norfleet Dunbar.

The interest in this 'Third Tract' being hereby conveyed is that which was conveyed to Hyde County by Geo. T. Davis, Commissioner, by deed dated March 3, 1943, which is recorded in Register's Office of Hyde County, North Carolina, in Deed Book 59, page 274."

Defendant admitted that it claimed an interest in the land described in the Complaint but denied that its claim was based solely on Tract 3 in exhibit 5. If it can be said that the plaintiffs have offered sufficient evidence to show that the land described in the Complaint embraces the land to which plaintiffs claim title by virtue of exhibit 1, and that plaintiffs have offered sufficient evidence tracing their title to such land to A. N. Dunbar, we think the plaintiffs have failed to offer sufficient evidence (1) to show that the land claimed by the defendant is the land in controversy and (2) to connect the land claimed by the defendant to the common source, A. N. Dunbar. Other than the vague and indefinite descriptions and recitals contained in exhibits 5 and 6, there is nothing in this record to show that the land claimed by the defendant is either

the land described in the Complaint or the land claimed by the plaintiffs, or to connect either the defendant or the land to which it claims title to the common source, A. N. Dunbar. Because the plaintiffs failed to offer sufficient evidence to make a *prima facie* case on their theory of tracing their title and the defendant's title to the land in controversy to a common source and proving better title in themselves, *Mobley v. Griffin, supra,* the Court erred in not allowing the defendant's motion for involuntary dismissal, however, this does not have the effect of adjudicating title to the land in controversy in the defendant, *Taylor v. Scott, supra.* The judgment appealed from is

Reversed.

Judges BRITT and PARKER concur.