KIRBY D. THOMPSON AND WIFE, MARY E. THOMPSON v. TERRELL HAYES AND WIFE, KEUM JA HAYES

No. 724SC800

(Filed 29 December 1972)

1. Ejectment § 10; Trespass to Try Title § 4— superior title from common source

In an action to recover land, a *prima facie* showing of title is made when plaintiff connects his title and defendant's title to the land in controversy with a common source and shows in himself a better title from that source.

2. Ejectment § 10; Trespass to Try Title § 4— superior title from common source

In an action for the recovery of land and for trespass thereon, plaintiffs' evidence was sufficient to show superior title to the land in controversy from a common source and that defendants had placed a wooden structure and two trailers either wholly or partially on the land in controversy.

3. Appeal and Error § 28— absence of exceptions to findings

Findings of fact to which no exceptions are taken are deemed supported by competent evidence.

APPEAL by defendants from *Rouse, Judge,* 20 March 1972 Session of Superior Court held in ONSLOW County.

This is a civil action wherein plaintiffs, Kirby D. Thompson and wife, Mary E. Thompson, seek *inter alia* an adjudication of their title to certain land in dispute between themselves and the defendants, Terrell Hayes and wife, Keum Ja Hayes, and for an order requiring the defendants to remove "any and all structures and materials placed by them on the land of the Plaintiffs."

Thompson v. Hayes

In their complaint, plaintiffs allege they are the owners of a lot or parcel of land by virtue of a deed dated 3 February 1967 executed by Matthew Hunter and wife, Eula Mae Hunter, (description by metes and bounds) and that in February, 1970, defendants purchased from Fred Newell and wife, Bettie Newell, an adjacent tract or parcel of land. Plaintiffs further alleged: "That the Defendants have continuously failed to observe the boundary line between the property of the Plaintiffs and the Defendants . . . ." and

"That the Defendants have trespassed and are trespassing upon the lands of the Plaintiffs; that they have constructed or caused to be constructed a frame structure upon the lands owned by the Plaintiffs, and have attached a mobile trailer to said structure; that the Defendants have caused to be placed upon the property of the Plaintiffs loads of marl and gravel, all without the knowledge or consent of the Plaintiffs herein."

In their answer defendants deny that the plaintiffs are the owners of the lot as described in the complaint, but admit they are owners of a lot or tract of land adjacent to that owned by the plaintiffs. Defendants deny that they have trespassed on the land of the plaintiffs.

After a trial before the judge without a jury, the judge made the following pertinent findings of fact:

"3. That the Plaintiffs claim title to certain lands located in Jacksonville Township, Onslow County, North Carolina, by virtue of that deed from Matthew Hunter and wife, Eula Mae Hunter, dated February 3, 1967, recorded in Book 357, page 650, Onslow County Registry, and described as follows . . . .

4. That the lands claimed by Plaintiffs are a portion of Lot No. 8 of the T. B. Koonce Subdivision, a plot of which is recorded in Map Book 1, Page 159, Onslow County Registry, which lot was conveyed to Matthew Hunter and wife by Fred Newell and wife, Bettie Newell, in two deeds, one of which is dated May 25, 1953 and the other being dated March 26, 1955, said two deeds being recorded in Book 244, page 144, and in Book 252, Page 667, Onslow County Registry, respectively.

5. That the Defendants claim title to certain lands located in Jacksonville Township, Onslow County, North Carolina, by virtue of that deed executed by Fred Newell and wife, Cleora Newell dated February 17, 1970, and recorded in Book 387, Page 624, Onslow County Registry, and described as follows . . . .

6. That the lands claimed by the Defendants are a portion of Lot 9 of said T. B. Koonce Subdivision; that the said Fred Newell and wife acquired Lots 8 and 9 by deed executed by T. B. Koonce and wife, Gertrude P. Koonce, dated September 4, 1941 and recorded in Book 194, Page 299, Onslow County Registry.

7. That on November 10, 1971, the Honorable Howard H. Hubbard by consent order appointed Mr. Sam J. Morris, Jr., as court surveyor to survey the contentions of the parties in this action and report his findings and recommendations to the Court.

8. That Plaintiffs' Exhibit Six is the survey prepared by the court-appointed surveyor pursuant to said order; that the area shown thereon in green is the area claimed by the Plaintiffs and the area shown thereon in red is the area claimed by the Defendants.

9. That the area lying between the northern green boundary and the southern red boundary as shown on said Exhibit Six, constitutes the land in dispute and the land upon which the Plaintiffs allege a trespass; that the Defendants have caused to be placed on said disputed area certain structures including a fish market building and mobile home, which structures continue to be located on said disputed area.

10. That the lands shown in green on said Exhibit Six and described as follows are embraced within the properties described in Plaintiffs' chain of title . . . .

11. That the area in dispute is not embraced within the description contained in Defendants' chain of title."

Based on its findings of fact, the court concluded that the plaintiffs were the owners of and entitled to possession of the property embraced by the green boundary lines shown in plaintiffs' exhibit 6, that the structures placed on the area lying be-

tween the northern green boundary line and southern red boundary line as shown on plaintiffs' exhibit 6 constitute a trespass to plaintiffs' lands and that the true boundary line between plaintiffs' property and defendants' property is that shown as the northern green line on plaintiffs' exhibit 6.

Based on its findings of fact and conclusions of law, the court entered judgment declaring that the plaintiffs were the owners of and entitled to possession of all of the land embraced within green boundaries on plaintiffs' exhibit six and ordered the defendants to remove within six months all structures located on plaintiffs' property.

(Metes and bounds descriptions of the property were set out in the findings of fact, conclusions of law and judgment.)

The defendants appealed.

*Ellis, Hooper, Warlick, Waters & Morgan by Harold F. Waters for plaintiff appellees.*

*Frank Cherry for defendant appellants.*

HEDRICK, Judge.

Defendants first assign as error the court's denial of their "motion for dismissal at the close of the defendants' case and after the close of all the evidence."

Defendants' motion for an involuntary dismissal in an action tried by the court without a jury challenges the sufficiency of the plaintiffs' evidence to establish the right to relief. *Allen v. Hunting Club,* 14 N.C. App. 697, 189 S.E. 2d 532 (1972) ; *Wells v. Insurance Co.,* 10 N.C. App. 584, 179 S.E. 2d 806 (1971). In this action for the recovery of land and for trespass thereon, plaintiffs' allegations as to their title and trespass by the defendants were denied. Plaintiffs' burden then became to establish both ownership in themselves and trespass by the defendants. *Midgett v. Midgett,* 5 N.C. App. 74, 168 S.E. 2d 53 (1969), cert. denied, 275 N.C. 595 (1969).

[1]   With respect to ownership of the land, the burden is upon the plaintiffs to establish title good against the whole world or against the defendants by estoppel. *Walker v. Story,* 253 N.C. 59, 116 S.E. 2d 147 (1960) ; *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142 (1889). In an action to recover land, a *prima facie* showing of title is made when the plaintiff connects his title

and defendant's title to the land in controversy with a common source and shows in himself a better title from that source. *Mobley v. Griffin, supra.* In support of their claim, plaintiffs introduced into evidence, without objection, the following: a deed from T. B. Koonce and wife to Fred Newell and wife, dated 4 September 1941 (exhibit 1) ; a warranty deed from Fred Newell and wife to Matthew Hunter dated 25 May 1953 (exhibit 2) ; a warranty deed from Fred Newell and wife to Matthew Hunter and wife dated 26 March 1955 (exhibit 3) ; a warranty deed from Matthew Hunter and wife to Kirby D. Thompson and wife dated 3 February 1967 (exhibit 4) ; a warranty deed from Fred Newell and wife to Terrell C. Hayes and wife dated 17 February 1970 (exhibit 5) ; map showing property contentions in *Thompson v. Hayes* prepared 14 February 1972 by Sam J. Morris, Jr., court appointed surveyor (exhibit 6) ; survey sketch of the property of Kirby Thompson prepared by L. T. Mercer, R. S., 30 September 1966 (exhibit 7) ; a plat prepared by Alonzo James Davis III, Reg. Sur., of Terrell C. Hayes' property dated 3 July 1970 from survey by A. D. Hicks (exhibit 8) ; a survey of the Hayes' property prepared by R. W. Craft, 12 November 1969 (exhibit 9). Sam J. Morris, Jr., the court appointed surveyor, testified that he "prepared a map showing the contentions of the parties" (exhibit 6). The evidence tends to show that Morris prepared exhibit 6 from an actual survey made by him of the premises and that when he made the survey he had available for use exhibits 1-5 and 7-9.

[2] We are of the opinion and so hold that when exhibits 1-9 and the testimony of the court appointed surveyor are considered together, the evidence is sufficient to connect the title of the land claimed by the plaintiffs and defendants, which includes the land in controversy, to Fred Newell and wife, Bettie Newell, and to show in plaintiffs better title to the land in controversy from that common source. Furthermore, by the testimony of the court appointed surveyor and Matthew Hunter, plaintiffs offered evidence tending to show that the defendants' fish market and two trailers were wholly or partially located on the land in controversy. The evidence was sufficient to establish plaintiffs' claim for relief, and defendants' motion for involuntary dismissal was properly denied.

[3] By their fifth assignment of error, defendants attempt to challenge the sufficiency of the evidence to support findings of fact numbered 9, 10 and 11. Exception No. 5 appears in the

record as an exception to the judgment. Findings of fact to which no exceptions are taken are deemed supported by competent evidence. *McWhirter v. Downs*, 8 N.C. App. 50, 173 S.E. 2d 587 (1970); 1 Strong, N. C. Index 2d, Appeal and Error § 28. Moreover, the evidence in the record, which we hold was sufficient to establish plaintiffs' claim for relief, will also support the material findings of fact. Conflicts in the evidence were resolved by the findings of fact made by the judge. The facts found support the conclusions of law which in turn support the judgment which is

Affirmed.

Judges VAUGHN and GRAHAM concur.