FIRST UNION NATIONAL BANK OF NORTH CAROLINA, EXECUTOR UNDER THE WILL OF HOWARD A. MARVILL v. VIRGINIA BAKER, MIRIAM SIMPSON AND LILLIAN B. KASPER

No. 7928SC52

(Filed 16 October 1979)

Wills § 28.6— "cash in my possession"—money in bank not included in bequest

The words "Cash, travelers checks, . . . in my possession" as used in deceased's will did not include money in a bank or savings and loan association, since the words were found in a section of the will which disposed of household and personal effects, and all other items disposed of by this section would be found on the premises of deceased or in his safety deposit box.

APPEAL by defendant Virginia Baker from *Lewis, Judge.* Judgment entered 7 December 1978 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 21 September 1979.

This is an action to construe the will of Howard A. Marvill, deceased. Mr. Marvill died on 24 December 1976. The plaintiff qualified as executor of his will. Parts of the will pertinent to this decision are as follows:

ITEM SEVEN

I give, devise and bequeath unto the following persons and beneficiaries all of my personal, mixed, tangible, intangible and real property as itemized and specified below:

\* \* \*

(b) To my sister, Virginia (Mrs. William Baker):

All items of personal clothing

Household effects such as furniture, appliances, table and cookware, silverware and ornaments (except oil paintings on loan to me which are the property of Mr. Alexander Key)

Musical instruments and luggage

Any real property of which I may be possessed

Records of my military service, papers and photographs* pertain to my personal and family matters.

Masonic jewelry and any items pertaining to my membership in fraternal, military or patriotic organizations.

Cash, travelers checks, watches and jewelry in my possession.

My automobile and automotive equipment

\* \* \*

(f) All of the rest, residue and remainder of my estate I bequesth [sic] unto my sisters who are named below. Should any of my sisters named in this paragraph predecease me, then, in that event, the bequest she would have received, if living at the time of my death, shall lapse and the amount thereof shall be divided equally amoung [sic] my surviving sisters:

To my sister Virginia (Mrs. William
Baker ........................................ 33⅓%

To my sister Miriam (Mrs. Henry K.
Simpson) ...................................... 33⅓%

To my sister Lilliam [sic] B. Kasper ............... 33⅓%

\*which
H.A.M.

At the time of his death, the testator had in his home and in his safety deposit box a certain amount of cash. He also had in checking and savings accounts a total of more than $43,000.00. He gave by specific bequests $5,000.00 to other legatees. The superior court held that by the use of the words "Cash . . . in my possession," in Item Seven (b) of his will, the deceased gave to defendant Virginia Baker the cash that was in his home and in his safety deposit box, and that the money on deposit in savings and checking accounts passed under Item Seven (f) of the will. Virginia Baker appealed.

*McGuire, Wood, Erwin and Crow, by Charles R. Worley, for plaintiff appellee.*

*George W. Moore for defendant appellant Virginia Baker.*

*Redmond, Stevens, Loftin and Currie, by John S. Stevens, for defendant appellees Miriam Simpson and Dorothy J. Kasper, Administratrix of the Estate of Lillian B. Kasper.*

WEBB, Judge.

We affirm the judgment of the superior court. In construing a will it is elementary that the intent of the testator is to be determined by examining the entire will in light of all the surrounding circumstances known to the testator and the intent is to be gathered from the four corners of the will. *Wilson v. Church*, 284 N.C. 284, 200 S.E. 2d 769 (1973) and *McWirter v. Downs*, 8 N.C. App. 50, 173 S.E. 2d 587 (1970). This case turns upon the meaning of the words "Cash, travelers checks, watches and jewelry in my possession." The words are found in a section of the will which disposed of household and personal effects. It also refers to real property, but the deceased had no real property. All the other items disposed of by this section would be found on the premises of deceased or in his safety deposit box. We infer from this that the phrase "in my possession" referred to articles on his premises or in his safety deposit box. This would not include money in a bank or savings and loan association.

Appellant has cited several cases from other jurisdictions which interpret the words "cash" or "cash on hand" to include money on deposit with a bank. *See In re Feist's Will*, 170 Misc. 497, 10 N.Y.S. 2d 506 (1939); *Re Banfield's Estate*, 137 Or. 256, 3 P.

2d 116 (1931); *Re Estate of Morris*, 15 Ariz. App. 378, 488 P. 2d 1015 (1971). In *Feist* the term "cash on hand" was used. The Court held this included money in a savings account. If it had not used this interpretation, one of the beneficiaries under the will would have received virtually nothing. In *Banfield* the testatrix bequeathed all "cash on hand" to her husband. This was held to include money in the bank. In *Morris* if the word "cash" had not been interpreted to include money deposited in the bank, the testatrix would have died intestate as to this portion of her estate. We do not find these cases persuasive. Our Supreme Court has said: "little or no aid can be derived by a court in construing a will from prior decisions in other will cases." *Clark v. Connor*, 253 N.C. 515, 520, 117 S.E. 2d 465, 468 (1960).

We hold that in this case Judge Lewis properly construed the will of Howard A. Marvill.

Affirmed.

Judges ARNOLD and WELLS concur.